### LAZIER GAS ENGINE CO. v. DU BOIS.

(Circuit Court of Appeals, Third Circuit. July 5, 1904.)

No. 38.

1. TRIAL—EVIDENCE—WITHDRAWAL—CURING ERROR.

In an action for breach of contract the erroneous admission of irrelevant evidence respecting certain profits sued for was cured by a positive instruction directing the jury not to consider it.

2. SALES—MANUFACTURED ARTICLES—BREACH OF CONTRACT—PROFITS—DAMAGES.

Where, in an action for breach of a contract to manufacture and sell certain machinery, plaintiff showed that the average profits made during the 16 months in which the contract was performed was $911 per month, a verdict allowing plaintiff profits at that rate during the 8 remaining months of the contract period after breach was not objectionable on the ground that such profits were remote and speculative.

3. SAME—NEW TRIAL—INSTRUCTIONS—NONCOMPLIANCE.

Where a verdict on the whole was just, and certain instructions as to the measure of damages given by the court, and apparently disregarded by the jury, were erroneous, the court was not bound to grant a new trial on the ground that the jury disregarded such instructions.

4. SAME—REVIEW.

Neither the verdict of a jury nor the exercise of the trial court's discretion in refusing a new trial may be reviewed on appeal to the Circuit Court of Appeals unless the court's discretion in denying a new trial was abused.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

W. B. Rodgers, for plaintiff in error.

E. L. Adams, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and KIRKPATRICK, District Judge.

¶ 2. Contracts for sale of articles to be produced or manufactured, see note to Star Brewery Co. v. Horst, 58 C. C. A. 363.

GRAY, Circuit Judge. The action in this case was brought to recover damages for the breach of a written contract between the parties, dated June 28, 1900. The plaintiff in error was the defendant below. The plaintiff recovered a verdict for $34,250, of which amount $2,500 was remitted, and judgment was entered for $31,750. The parties here will be spoken of as plaintiff and defendant, as they appeared in the court below. By the contract sued upon, the defendant, who was the owner of a plant for the manufacture of machinery of all descriptions, agreed to manufacture gas and gasoline engines, of various sizes, for the plaintiff at fixed prices. The contract contained the usual stipulations, that the engines should be manufactured in a first-class manner, of first-class materials, and be thoroughly inspected and tested by defendant, who was to have the exclusive right to manufacture said engines during a period of three years, the plaintiff being required to order not less than 125 engines in each year. The plaintiff agreed to furnish all patterns and blue prints, which defend- ant was to keep in repair and return to plaintiff at the expiration of the contract, and to pay for all engines on the 15th of the month following the month of shipment. On October 20, 1902, defendant refused to proceed any longer under his contract, alleging as a reason therefor, certain conduct on the part of the plaintiff.

The claim of the plaintiff in the suit was for damages for nondelivery of engines under the contract, and for defective construction in some of those that were delivered, and the outlay and expense occasioned thereby to the plaintiff. Proof was offered and admitted, of profits actually lost on 215 engines, ordered but not delivered, which amounted to $21,865.81. Proof also was offered as to profits which could have been made upon engines neither ordered nor delivered, by reason of the repudiation of the contract by the defendant, on October 20, 1902. Such profits, based upon the average monthly profits on the engines actually delivered, were estimated variously at $7,288 and $14,400. Loss resulting from repairs to defective engines was estimated at $3,000. Proof of loss to a large amount, resulting from expenditures of various kinds incurred by plaintiff, as it was claimed under the contract, for advertising, establishing agencies, and promoting in other ways the sale of the engines, was offered and admitted, over objection by the defendant.

Upon further consideration, and in his charge to the jury, the learned judge expressly withdrew from their consideration all the proofs of loss above mentioned, except that relating to profits that would have accrued on engines ordered and not delivered, and the $3,000 expended for repairs on engines that were delivered, thus confining their attention to proofs showing an aggregate loss of about $25,000. The verdict, as before stated, was for $34,250. A motion for a new trial was made by the defendant, which, after argument and for reasons stated in the opinion of the learned judge, was refused upon the plaintiff's agreeing to file a remittitur for $2,500, and judgment was accordingly entered for the sum of $31,750. A writ of error was accordingly sued out by the defendant, and the case brought here on thirty-two specifications of error, all of which charge an improper admission or exclusion of evidence, except one, which relates to an

incidental charge of the court, and which is not referred to in the brief of counsel.

As nearly all the evidence admitted over the objection of the defendant, and to which the bills of exception relate, was afterwards withdrawn from the consideration of the jury, who were expressly instructed not to regard the same in making-up their verdict, the plaintiff in error devoted his argument to the propositions, that it was too late for the court, after having admitted the testimony objected to, to withdraw the same from the consideration of the jury in its final charge, and that the court transcended its power in allowing a verdict to stand for a larger amount than was warranted by its instructions to the jury. We are therefore relieved from the consideration in detail of the numerous specifications of error, and discussions of the relevancy of testimony offered and admitted, and afterwards withdrawn, by this succinct statement of the question involved, made by plaintiff in error in the opening of his brief:

### "Statement of Question.

"(1) The admission of evidence as to damages claimed to be irrelevant, and if irrelevant, was it cured by the instructions of the court in the charge?

"(2) The act of the court in allowing damages to plaintiff upon a claim not submitted to the jury."

An understanding of the merits of the question thus concisely stated, will be promoted by considering, first, the following extract from the opinion of the court below, in refusing the motion for a new trial:

"This was a suit brought by the Lazier Gas Engine Company against John E. Du Bois to recover damages for breach of a contract made by him to manufacture gas engines. The case was largely one of fact and involved intricate questions of the character of work done in the manufacture of engines, repairs, reshipments and a general accounting. The jury was sworn on May 13, 1903, and after a protracted trial covering more than three weeks, and sessions each day of more than the usual length, resulted in a verdict for the plaintiff for $34,250. The trial was expensive to both parties, not only because a number of the witnesses were high-priced men, but from the fact that five counsel of large practice took part in the protracted sessions. A new trial is now sought on the grounds, first, that the verdict was excessive, and second, that it was not justified by the charge of the court.

"In view of the great expense involved to all parties in a retrial, the loss of time to counsel and court spent in fruitless work if this verdict is disturbed and of the effect so protracted a case has on the rights of other suitors in practically monopolizing an entire term, we are exceedingly loath to grant this motion. And our unwillingness to do so is increased by the consideration that the jury which passed on this case was made up of men of unusual capacity. A number of them were men of affairs, and after an unusually patient and attentive hearing of the proofs, their verdict shows they found for the plaintiff on all the underlying and fundamental facts on which the case must eventually turn on a retrial. The finding of such a jury, especially when its members had opportunity to give full and deliberate consideration, afforded by the long trial, to the acts of both parties under the contract is to that extent an index of the common judgment of fair-minded men upon the facts of this case and of the possibly fruitless result to the defendant of any ultimate change of finding touching the fundamental facts if a retrial was granted. An analysis of the verdict, as stated in the defendant's brief on this motion, shows that included therein were the following items of damage: Profits on 90 engines not delivered during the first year of the contract, $8,-

852.09; on 125 engines during the second year, $13,000; plaintiff's repair bill of defective engines, $3,000. The verdict was for $34,250, being an excess of some $9,400 over and above this claim. Deducting the eight months' interest, or allowance in the nature of interest, which the jury would naturally allow, we have a net amount of about $8,000, which it is contended is an unwarranted excess under the instruction of the court. This excess is for a claim made by the plaintiff for the value of the contract in profits for its last eight months, which profits, under the instructions of the court, the jury were instructed not to allow. All the relations between the parties were severed about October, 1902, and the defendant then announced his intention of doing nothing further under the contract. It therefore appears that to the extent of some $8,000 the jury disregarded the instructions of the court in rendering their verdict, and if a clear and unwarranted disregard of instructions were all that was involved in the case, our duty to grant a new trial would be clear. But it would further seem that when substantial justice has been done by a verdict, a new trial will not be granted on account of the jury's disregard of instructions, unless there has been an abuse of discretion. Christy v. Holmes, 57 Ind. 314. And to this principle may be added the analogous one that if a court errs in its statement of the law in instructing the jury, a verdict based on a disregard of such instructions should not be set aside. Armstrong v. Keith, 3 J. J. Marsh. 154 [20 Am. Dec. 131]. Such being the case it becomes our duty to review our instructions to the jury that the plaintiff's recovery was limited to the profits upon the 215 engines ordered and not delivered during the working part of the contract and that they were not entitled to recover any loss of prospective profits during the eight months of the contract remaining after the break. Whether our instructions were misunderstood by the jury, or whether they felt such instructions were contrary to their sense of right is not material to inquire; for some reason they have allowed the plaintiff for its remaining claim, viz., profits for the eight remaining months of the contract, or in other words for its value. An examination of the proofs shows that the data for assessing such damages substantially to the amount allowed by the jury existed in the case. Deducting the three months' leeway provided by the contract for preparation it was shown that the defendant failed during the first year to deliver 90 ordered engines, on which the profits would have been $8,852.09, and during the remaining working months of the contract, 125 ordered engines, on which plaintiff's profits would have been $13,013.72, or a total profit of $21,863.81, during the 24 delivery months of the contract, that is, a monthly profit of about $911. Based on this ascertained monthly profit of $911, the jury had facts from which they could assess $7,288 of profits for the remaining eight months. It will thus be seen that if such facts and proof afford in law a sufficiently certain basis for the assessment of damages the jury were to that extent warranted in their action and no injustice was done by their verdict. The question of what damages are recoverable for breach of contract is most troublesome and by no means clear under the authorities in application to the facts of each particular case. A more careful examination of the subject than the pressure of the closing day of this trial afforded satisfies us that the practical sense of this jury, in ascertaining the damages, not only made a wise application of this contract to the facts in evidence, but that their view is well supported by the adjudicated cases."

An examination of the record, in connection with this statement by the court below, brings us to the conclusion, that the first branch of the question, as stated by the plaintiff in error, to wit, whether the admission of irrelevant testimony by the court was cured, by its instructions to the jury to disregard the same, must be answered in the affirmative. We cannot see what injury to the plaintiff was done by the admission of any of this testimony that could not be cured by such positive instructions. In the hurry of a jury trial, it must often happen that the court is required to pass upon questions of the admissibility of evidence, without opportunity for the mature considera-

tion that is desirable. In such cases, a prudent judge will admit the testimony de bene esse, subject to its being withdrawn from the consideration of the jury, upon fuller examination. In no other way can these questions receive the attention due as well to the litigants as to the administration of justice. If the evidence should be excluded in the first instance, there is no opportunity afterwards to introduce it, should it be considered admissible. Sound policy requires that the conservative exercise of this right on the part of the trial judge should not be interfered with.

There was nothing in the testimony admitted in this case over the objection of the defendant, and afterwards withdrawn by the judge, that tended to appeal to the passions or prejudices of the jury. It was evidence, that in this respect was colorless and indifferent, such as that relating to the expenditure of money by plaintiff, for the purpose of advertising the engines to be furnished by defendant, and of constituting agencies in different parts of the country for the sale of the same. Mr. Justice Harlan, in delivering the opinion of the Supreme Court, in Pennsylvania Company v. Roy, 102 U. S. 451, 458, 26 L. Ed. 141, states the rule in this regard so clearly and persuasively, that we here quote his language:

"Notwithstanding this emphatic direction that the jury should exclude from consideration any evidence in relation to the pecuniary condition of the plaintiff, the contention of the defendant is, that the original error was not thereby cured, and that we should assume that the jury, disregarding the court's peremptory instructions, made the poverty of the plaintiff an element in the assessment of damages; and this, although the record discloses nothing justifying the conclusion that the jury disobeyed the directions of the court. To this position we cannot assent, although we are referred to some adjudged cases which seem to announce the broad proposition that an error in the admission of evidence cannot afterwards be corrected by instructions to the jury, so as to cancel the exception taken to its admission. But such a rule would be exceedingly inconvenient in practice, and would often seriously obstruct the course of business in the courts. It cannot be sustained upon principle, or by sound reason, and is against the great weight of authority. The charge from the court that the jury should not consider evidence which had been improperly admitted, was equivalent to striking it out of the case. The exception to its admission fell when the error was subsequently corrected by instructions too clear and positive to be misunderstood by the jury. The presumption should not be indulged that the jury were too ignorant to comprehend, or were too unmindful of their duty to respect, instructions as to matters peculiarly within the province of the court to determine. It should rather be, so far as this court is concerned, that the jury were influenced in their verdict only by legal evidence. Any other rule would make it necessary in every trial, where an error in the admission of proof is committed, of which error the court becomes aware before the final submission of the case to the jury, to suspend the trial, discharge the jury, and commence anew. A rule of practice leading to such results cannot meet with approval."

We think the action of the court, in refusing the motion for a new trial, and allowing the verdict to stand, upon the remittitur of $2,500 by the plaintiff, is not open to adverse criticism. An analysis of the verdict, convinced the court that the jury had disregared its instructions, in regard to the allowance of estimated profits that would have accrued to the plaintiff during the eight months the contract had to run, had not the same been wrongfully repudiated by the defendant. The basis for this allowance was the average profit per month made on the

engines manufactured and delivered under the contract. This was a sufficiently certain basis upon which the jury could assess damages which undoubtedly accrued to plaintiff, and must have been within the contemplation of the parties to the contract. Such profits are not remote or speculative, but are the direct fruit of the contract itself. U. S. v. Behan, 110 U. S. 339, 344, 4 Sup. Ct. 81, 28 L. Ed. 168; Howard v. Stillwell & Bierce Mfg. Co., 139 U. S. 199, 206, 11 Sup. Ct. 500, 35 L. Ed. 147; Anvil Mining Co. v. Humble, 153 U. S. 540, 549, 14 Sup. Ct. 876, 38 L. Ed. 814.

Where the court is convinced and is able to demonstrate that the verdict on the whole was a just one, and that certain instructions as to the measure of damages given by the court to the jury, and apparently disregarded by them, were erroneous, and that the verdict did not substantially exceed an amount that would have been just and right had proper instructions been given, it would be a sacrifice of justice for no good purpose to set aside such a verdict on the ground that the jury had disregarded the instructions of the court in rendering it.

But we are not required in this case to scrutinize the grounds upon which the judge below proceeded in refusing the motion for a new trial. Neither the verdict of the jury, nor the exercise by the trial judge of his discretion in refusing a new trial, are subject to review by this court, unless, in the latter case, that discretion has been abused. So far from having been abused in this case, we think that it has been properly exercised, and the judgment of the court below is therefore affirmed.