HENRY W. BROWN & CO. v. NORWICH & L. ACCIDENT INS. ASS'N.

(Circuit Court, E. D. Pennsylvania. November 11, 1909.)

No. 598.

1. MASTER AND SERVANT (§ 40*)—ACTION FOR BREACH OF CONTRACT—EVIDENCE.

   In an action to recover damages for the alleged wrongful termination of a contract of employment by the employer, evidence that both parties anticipated before the contract was made that plaintiff's net earnings thereunder would be small for the first year or two was admissible as bearing on the question of damages.

   [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 40.*]

2. PRINCIPAL AND AGENT (§ 41*)—ACTION FOR BREACH—INSTRUCTIONS—MEASURE OF DAMAGES.

   In an action for breach by the principal of a contract of agency under which plaintiff's profits depended on the amount of business done, an instruction that the volume of business done while the contract was in force might be considered in estimating profits reasonably to be anticipated in the future if the contract had been continued in force, together with all other evidence tending to explain why such volume was not greater or less, was not erroneous.

   [Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 41.*]

Action by Henry W. Brown & Co. against the Norwich & London Accident Insurance Association. On motion by defendant for new trial. Motion overruled.

Burr, Brown & Lloyd, for plaintiffs.
Maurice W. Sloan, for defendant.

J. B. McPHERSON, District Judge. The letter of April 8, 1907, to which the defendant objected at the trial, and continues to object,

was admitted (to use the words of plaintiff's offer) "as tending to prove knowledge on the part of the defendant company of the fact that this contract, which was shortly afterwards made, was of such a character that during the first year or two of the contract the expenses to the plaintiff would be large and the returns small, as tending to prove, therefore, that the contract was in that respect a peculiar one, and that the plaintiff is not limited in his recovery to the amount that he earned during the first year or so of the contract; the measure of damages being quite important." It did not in the slightest degree contradict the agreement for whose breach the suit was brought, and I am still of the opinion that it was relevant evidence. It certainly helped to show what both parties anticipated would be the course of events, and what might reasonably be expected from their common enterprise in the later years of the term during which the contract was to run.

That the measure of damages was correctly explained to the jury will sufficiently appear, I think, by reference to Lazier Gas Engine Co. v. Du Bois (C. C. A., Third Circuit) 130 Fed. 834, 65 C. C. A. 172. It was there held that:

"Where, in an action for breach of a contract to manufacture and sell certain machinery, plaintiff showed that the average profits made during the 16 months in which the contract was performed was $911 per month, a verdict allowing plaintiff profits at that rate during the 8 remaining months of the contract period after breach was not objectionable, on the ground that such profits were remote and speculative."

In the present case the jury were instructed that the plaintiff might recover such profits as were reasonably to be anticipated if the defendant had not put an end to the contract; and in considering that question they were directed to take into account the volume of business that had already been done while the contract was in force, together with all the evidence that tended to explain why such volume was not greater or less, and also with whatever evidence bore upon the question whether such volume would in all probability have increased or diminished in the future. They were restricted to the evidence, and forbidden to guess at what the plaintiff might have made. I still believe these instructions to be correct, and shall therefore adhere to them until I am advised that they were wrong. The verdict seems to be just in principle and moderate in amount.

The motion for a new trial is overruled, and judgment may be entered on the verdict.