## Sheridan's Estate.

Argued February 2, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Joseph R. Embery,* with him *Smith & Paff,* for appellants.—The evidence shows a joint undertaking by decedent and other directors to render financial assistance to Wilbur Trust Company, or an agreement to share liability arising from financial assitance, so as to entitle decedent's estate to contributions from such other directors: Colket's Est., 217 Pa. 643; Montgomery's Est., 299 Pa. 452; Greenwald v. Weinberg, 102 Pa. Superior Ct. 485; Lackawanna v. Carlucci, 264 Pa. 226; Gimbel Bros. v. Hand, 101 Pa. Superior Ct. 212, 216; Jones v. Johnson, 3 W. & S. 276; Leibert's App., 119 Pa. 517.

The E. P. Wilbur Trust Company is liable to surcharge for failure to enforce contributions from other directors: Ackerman's App., 106 Pa. 1; Miller's App., 119 Pa. 620; Wright v. Grover & Baker, 82 Pa. 80; Linderdale v. Robinson, 2 Brockenbrough U. S. C. C. R. 160; Mosier's App., 56 Pa. 76; Hill v. Denniston, 197 Pa. 271; Kline's Est., 280 Pa. 41; Chambersburg Saving Fund Assn.'s App., 76 Pa. 203; Charlton's App., 34 Pa. 473; Spalding v. Bank, 9 Pa. 28; Bank of United States v. Peabody, 20 Pa. 454; Lyon v. Bank, 12 S. & R. 61; McQueen's App., 104 Pa. 595.

The evidence shows that decedent's estate had an interest in the securities condemned by the banking commissioner and taken out of the assets of E. P. Wilbur Trust Company: McBride v. Paper Co., 263 Pa. 345.

The Wilbur Trust Company is liable for conversion of securities: Bank of U. S. v. Peabody, 20 Pa. 454; Beadling v. Moore, 93 Pa. Superior Ct. 544.

Of course, there is no element of estoppel in this case. The trust company has not been prejudiced or put to any disadvantage by any delay on the part of petitioners: Fedas v. Ins. Co., 300 Pa. 555; Klerlein v. Werner Co., 98 Pa. Superior Ct. 440.

An authority for the present procedure by petition to review is found in Willing's Est., 288 Pa. 337.

*Asher Seip,* with him *Herbert J. Hartzog,* for appellee.—The directors who contributed to the replacement of impaired capital and surplus had no interest in condemned securities of the trust company.

There was no joint undertaking by decedent and other directors to repair impaired capital and surplus of Wilbur Trust Company. There was no agreement to share liability, entitling decedent's estate to contribution from other directors: Jones v. Johnson, 3 W. & S. 276; Leibert's App., 119 Pa. 517; Maule v. Bucknell, 50 Pa. 39; Nugent v. Wolfe, 111 Pa. 471; Bayard v. Knitting Mills, 290 Pa. 79; Ackerman's App., 106 Pa. 1.

But Sheridan was not a surety. He was the primary debtor. The others on the collateral note were guarantors: Miller's App., 119 Pa. 620.

Before a rehearing shall be granted, two necessary requisites are (a) the alleged errors shall be specifically set forth in the petition of review and verified; and (b) the act does not apply when the balance found due shall have been actually paid and discharged by any fiduciary: Given's Est., 292 Pa. 483; Bailey's Est., 291 Pa. 421.

OPINION BY MR. JUSTICE SCHAFFER, April 11, 1932:

This is a proceeding to review an executor's account and to surcharge it, commenced almost five years after the account was filed and confirmed and distribution of the balance, which it showed, made to, among others, the petitioners for the review, the present appellants, residuary legatees under the will of the decedent. Those bringing such a proceeding carry a somewhat heavy burden: Bailey's Est., 291 Pa. 423; Given's Est., 292 Pa. 483.

James H. Sheridan, the testator, at the time of the occurrences out of which this controversy grows, prior thereto and until his death, was a stockholder, director, member of the executive committee and chairman of the real estate committee of the E. P. Wilbur Trust Company.

As a result of an examination by the state banking department it was ascertained that the capital and surplus of the trust company had been impaired. Accordingly certain of its assets were condemned by the commissioner of banking, in amount exceeding $600,000. That official required that a large sum of money be voluntarily contributed to the company by the directors as a condition of the institution continuing in business. It was stipulated by the commissioner that the money thus to be paid into the trust company should be as a voluntary gift without any restriction or reservation and without hope of recoupment from it. The amount to be paid by the testator was fixed at $43,000. To obtain this money he made a promissory note for that amount to the order of another person on which a bank loaned him the required sum, which he turned over to the trust company as his contribution to the fund to be raised. As collateral security for testator's promissory note, the lending bank exacted and received a judgment note in a like sum as the original one signed by nine of the directors of the trust company. The testator paid the interest due on his promissory note as it became due from time to

time until he died in March, 1923. After his death the trust company, as his executor, paid the note. The executor filed its account on September 26, 1923, showing this payment. The account was confirmed absolutely November 12, 1923, no exceptions having been filed. The appellants were furnished with a copy of the account prior to its confirmation. They were represented by counsel. They participated in the distribution and received the sums awarded to them without demur. They did not commence this proceeding until June 7, 1928.

Their positions as summed up in their statement of the questions involved are: (1) The undertaking to render financial assistance to the trust company was a joint one among the directors, which fact entitled the decedent's estate to contribution from the other directors for the sum he paid, and the executor is liable to surcharge for failure to enforce such contribution from the other directors; and (2) the decedent's estate has an interest in the assets condemned by the commissioner of banking, and the executor is liable to surcharge because it failed to use due diligence to collect certain of them and converted others to its own use.

As to the latter proposition, it is somewhat difficult to see on what basis it rests. True it is, the condemned assets were directed by the commissioner of banking to be eliminated by the trust company from its statement of assets, but this did not cause them to cease to belong to it, or result in vesting title thereto in the contributors to the fund which was raised to restore the impaired capital and surplus. The condemned securities continued to belong to the trust company, although carried on its books as of no value. The contributing directors whose lack of foresight and business judgment brought about the impairment of its assets did not buy them by their contribution. What they did was to make a gift to the trust company of the sums they turned over to it. Under the plan of the department of banking for the rehabilitation of the trust company, whatever salvage

could be recovered from the condemned securities was to be paid into its treasury to add to its assets. The decedent's estate had no claim on these securities.

Equally untenable is appellants' other position, that the undertaking of the directors to contribute funds to the trust company was a joint one, that the decedent's estate was entitled to contribution from them, and that the executor should be surcharged for not enforcing proportionate reimbursement from the other directors who signed the collateral judgment note. The court below found, and, after reading the testimony, we fully concur in the finding, that there was no express agreement between the directors or any of them to share pro rata or in equal amount the moneys paid by them to the company to replenish its impaired capital and surplus and there was no agreement between the makers of the collateral judgment note making them cosureties, and answerable as such to each other by way of contribution. We similarly conclude, from all of the circumstances here present, that no such contract or agreement is to be implied or presumed from the acts of the directors: Montgomery's Est., 299 Pa. 452; Colket's Est., 217 Pa. 643.

The decree is affirmed at appellants' cost.