Shaw et al. *v.* Megargee (et al.), Appellants.

Argued April 19, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

448

*A. P. W. Walsh,* of *Walsh & Fadden,* with him *Fletcher W. Stites,* for appellant.—The court erred in granting a nonsuit to additional defendant at end of plaintiffs' case: Vinnacombe v. Phila., 297 Pa. 564; First Nat. Bank of Pittsburgh v. Baird, 300 Pa. 92, 98; Cole v. Casket Co., 101 Pa. Superior Ct. 207.

If Mr. Dimmick were plaintiff and Mr. Megargee defendant, the testimony would convict Mr. Dimmick of contributory negligence and defeat his claim under the authority of the following cases: Schneider v. Am. Store Co., 100 Pa. Superior Ct. 339; Robinson v. Berger, 295 Pa. 95; Hayes v. Schomaker, 302 Pa. 72; Curry v. Willson, 301 Pa. 467; Fry v. Derito, 97 Pa. Superior Ct. 131; Ensell v. Refining Co., 92 Pa. Superior Ct. 586.

The Act of 1895, P. L. 276, does not apply in the issue between the original defendant and the additional defendant under the Act of 1929, because that issue was not formed to determine the question whether defendant should recover damages from the additional defendant, but, on the contrary, to determine the question what, if any, damages plaintiff in the case should recover from either of the defendants, or both.

The court erred in confining original defendant to two preëmptory challenges.

*J. H. Oliver*, with him *Franklin B. Gelder*, for defendants, appellees.—The questions raised by the fourth and fifth assignments of error, having to do with the nonsuit granted to the additional defendant, and the allocating of four challenges between the original defendant and the additional defendant, have been covered by the brief filed by counsel for the additional defendant.

*Walter W. Harris*, of *Knapp, O'Malley, Hill & Harris*, for Shelby D. Dimmick, additional defendant, appellee. —The trial court followed the terms of the statute strictly and, throughout the trial, properly considered the case as if the plaintiffs had instituted their suit against Megargee and Dimmick as joint and several tortfeasors. There was no issue in controversy between Megargee and Dimmick: Cole v. Casket Co., 101 Pa. Superior Ct. 207.

The action was barred as to Dimmick by reason of the statute of limitations: Singer v. R. R., 254 Pa. 502; Harris v. Mercur, 202 Pa. 313; Schrenkeisen v. Kishbaugh, 162 Pa. 45; Ward v. Letzkus, 152 Pa. 318; Wood v. Carpenter, 101 U. S. 135; Martin v. Rys., 227 Pa. 18; Hartig v. Ice Co., 290 Pa. 21.

Counsel for appellant have no cause for complaint by reason of the fact that appellant was given only two peremptory challenges to the panel. It appears on the record that a panel of twenty jurors was summoned. Plaintiff was given the right of four peremptory challenges and the other four were divided by the trial court between the original defendant and the additional defendant "in accordance with equitable principles:" First Nat. Bank of Pittsburgh v. Baird, 300 Pa. 92.

OPINION BY MR. JUSTICE SIMPSON, May 9, 1932:

Plaintiffs, who are husband and wife, sued the original defendant to recover damages for injuries to her, growing out of a collision of the automobile in which she was riding with the one being driven by the original de-

fendant. Under the authority of the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, he, in turn, issued a scire facias to bring upon the record the driver of plaintiffs' car as an additional defendant. The basis for so doing was his contention that the additional defendant was alone liable and he, the original defendant, was not. At the trial, the latter was nonsuited in his proceeding on the sci. fa., and the jury rendered separate verdicts against him in favor of each of the plaintiffs. From the judgments on these verdicts, and the refusal to set aside the nonsuit, he now appeals. It is necessary to consider but two of the points raised.

When the jury was being empanelled, appellant claimed that section 1 of the Act of March 29, 1860, P. L. 344, gave to him the right to four peremptory challenges. It reads that: "On the trial of all civil suits now pending or hereafter brought, in any of the courts of this Commonwealth, the plaintiff and defendant shall each have four peremptory challenges." The court below decided that the four peremptory challenges must be equally divided between the two defendants. This was an erroneous application of the statute.

When the Act of 1860 was passed, the Joint Suit Act of June 29, 1923, P. L. 981, and the two sci. fa. acts above cited, had not been enacted. Consequently, prior to the earliest of those dates, ordinarily all the defendants in an action at law had but a single interest—that of defeating plaintiffs' claim. This situation was substantially altered, however, when the Acts of 1923, 1929 and 1931 became effective. Under these statutes (except where, under the sci. fa. acts, the additional defendant is alleged to be liable over to the original defendant, which is not the case here), each defendant is as much interested in showing that the other defendant is alone liable to plaintiff, if any one is liable, as he is in showing that the plaintiff is not entitled to recover at all. Our question, therefore, is what, under this state of

facts, is the reasonable application to be made of the Act of 1860?

It says that "the plaintiff and [the] defendant shall each have four peremptory challenges." If it had said that plaintiffs and defendants shall each have four peremptory challenges, more could be said for the conclusion of the court below. The language is in the singular, however, and hence, to fairly apply it, we must hold that "each [antagonistic interest shall] have four peremptory challenges." Not otherwise can we give effect to the evident intent of the statute, which, so far as we are aware, has not heretofore been construed by any court.

The other question which should be passed upon, in order that the retrial, which we shall order, can properly be had, is "Did the court below err in entering a nonsuit in favor of the additional defendant?" We are clear that it did not. Indeed, it might, upon proper proof, have quashed the sci. fa. before the jury was sworn.

The accident occurred November 19, 1928, and the sci. fa. was not issued until July 15, 1931. This was too late. Section 2 of the Act of June 24, 1895, P. L. 236, provides that "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in cases where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards." Of course, if the additional defendant had been brought in because he was alleged to be "liable over to [the original defendant] for the cause of action declared on," it would have been error to enter a nonsuit until all the evidence in the case had been concluded: Shapiro v. Phila., 306 Pa. 216. Under those circumstances, except upon proof of unquestioned controlling facts as between the defendants themselves, the liability over of the additional defendant would not arise until that of the original defendant had been established; and with this point plaintiff would

have no concern. No such situation exists here, however.

Curiously enough, there is another reason, not referred to in the court below or here, why we would not reverse because of the entry of the nonsuit. The only reason alleged for the issuing of the sci. fa. was because the additional defendant was *alone* liable for the injuries sustained by plaintiffs. The Act of 1931, supra, is the only statute authorizing a sci. fa. under such circumstances, and, because of the Act of May 17, 1929, P. L. 1808, it did not go into effect until September 1, 1931, since no other date was "specified in the Act [of 1931] itself." Here, the sci. fa, alleging such liability was issued July 15, 1931, before the effective date of the Act of 1931, and hence was a void writ.

The judgments of the court below are reversed and a venire facias de novo is awarded.