**YELLOW CAB CO. OF PHILADELPHIA v. GRAHAM et al.**

No. 4769.

Circuit Court of Appeals, Third Circuit.

Oct. 24, 1932.

M. Randall Marston and Bernard J. O'Connell, both of Philadelphia, Pa., for appellant.

John Kennedy Ewing, 3d, and Saul, Ewing, Remick & Saul, all of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment entered upon a statutory demurrer under the following circumstances:

Claire Graham, one of the appellees, brought suit in a Philadelphia county court to recover damages for personal injuries sustained by her on or about April 15, 1929, while a passenger in one of the appellant's taxicabs. The suit was removed to the District Court upon the ground of diversity of citizenship. Thereafter on April 11, 1931, the appellant caused to be issued a writ of scire facias in accordance with the provisions of the Pennsylvania Act of April 10, 1929, P. L. 479 (12 PS § 141), to bring upon the record as an additional defendant the appellee James Smythe, who was alleged to be solely liable for the cause of action declared upon for the whole of the amount which might be recovered against the appellant. James Smythe, the additional defendant, summoned by the writ of scire facias, filed an affidavit of defense in lieu of demurrer. The learned judge of the District Court sustained the demurrer, and from that judgment this appeal was taken.

The statute in question provides that "any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record as an additional defendant any other person alleged to be liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued." It was held by the court below that the Act of 1929 had no application to cases in which the original defendant or the additional defendant is alone wholly and solely responsible.

After the suit was brought and the writ of scire facias issued, the Act of Assembly of June 22, 1931, P. L. 663 (12 PS § 141 and note), was passed amending the Act of April 10, 1929, by allowing an original defendant to include, as parties who may be brought upon the record by writ of scire facias, "any other person alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him." Any question as to the construction of these acts has been set at rest by the decision of the Supreme Court of Pennsylvania in the case of Shaw v. Megargee, 307 Pa. 447, 161 A. 546, where Mr. Justice Simpson says at page 452 of 307 Pa., 161 A. 546, 547:

"The only reason alleged for the issuing of the sci. fa. was because the additional defendant was alone liable for the injuries sustained by plaintiffs. The Act of 1931, supra, is the only statute authorizing a sci. fa. under such circumstances, and, because of the Act of May 17, 1929, P. L. 1808 (46 PS § 155), it did not go into effect until September 1, 1931, since no other date was 'specified in the Act (of 1931) itself.' Here, the sci. fa., alleging such liability was issued July 15, 1931, before the effective date of the Act of 1931, and hence was a void writ."

The writ of scire facias in the instant case was issued not only prior to the effective date of the act of 1931, but prior to its passage. It is plain therefore that the act of 1931 has no application, and that, under the act of 1929, there was no authority for bringing upon the record an additional defendant upon the ground of sole liability.

Following the oral argument on appeal, counsel for the appellant, evidently recognizing the fact that the original writ was void, with the consent of this court and by agreement with counsel for the additional defendant, caused an alias writ of scire facias to issue. Although the validity of the alias writ is not properly before us on appeal, in our opinion its issuance does not help the appellant because of the running of the statute of limitations. The accident occurred April 15, 1929, and the alias writ issued April 6, 1932. On this point we quote the language of the Supreme Court of Pennsylvania in Shaw v. Megargee, supra:

"The accident occurred November 19, 1928, and the sci. fa. was not issued until July 15, 1931. This was too late. Section 2 of the Act of June 24, 1895, P. L. 236 (12 PS § 34), provides that 'Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when

the injury was done and not afterwards.' Of course, if the additional defendant had been brought in because he was alleged to be 'liable over to (the original defendant) for the cause of action declared on,' it would have been error to enter a nonsuit until all the evidence in the case had been concluded. Shapiro v. Phila., 306 Pa. 216, 159 A. 29. Under those circumstances, except upon proof of unquestioned controlling facts as between the defendants themselves, the liability over of the additional defendant would not arise until that of the original defendant had been established; and with this point plaintiff would have no concern. No such situation exists here, however."

Judgment affirmed.