Nunamaker et al. for Use, Appellant, v. Finnegan.

Argued April 11, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John A. Spaeder*, and with him *March & Eaton*, and *Homer T. Eaton*, for appellant.

*Frank B. Quinn*, and with him *Charles H. English* and *Raymond P. Leemhuis*, of *English, Quinn, Leemhuis & Tayntor*, for appellee.

OPINION BY CUNNINGHAM, J., October 2, 1933:

Under the assignments of error and statement of questions involved, our sole inquiry upon this appeal relates to the validity of a writ of scire facias, issued under the Act of April 10, 1929, P. L. 479, to bring upon the record an additional defendant. The action below was trespass on behalf of the minor plaintiff to recover damages for personal injuries sustained by him as the result of an automobile accident (a right angle collision at the intersection of two streets in the city of Erie) which occurred while he was riding on a truck operated by the original defendant, Finnegan, also a minor, and by the minor's father, in his own right, to recover for medical expenses, etc. The suit was brought February 21, 1930, and on October

17th of that year the writ of scire facias was issued in behalf of Finnegan to bring R. B. Way, the driver of the other car involved in the accident, upon the record as additional defendant.

Both the praecipe for the writ and the writ itself alleged that Way was "liable over to said defendant for the cause of action declared on in the said suit, for the whole or any amount which may be recovered against said defendant by reason of the fact that the proximate cause for the injuries and any consequent damages sustained by the plaintiff was due to the careless, negligent and reckless manner in which the defendant, R. B. Way, operated his motor vehicle, in that the said R. B. Way operated and drove his automobile with great force and violence into the automobile in which the plaintiff was riding."

The additional defendant filed no answer to the writ, but entered a general appearance. The case came on for trial on March 9, 1932, and both the original defendant and the additional defendant took an active part in the defense. The trial judge treated the case as if both Finnegan and Way had originally been made joint defendants, and charged the jury that a verdict might be rendered against either of them, or, if there was concurrent negligence, against both. The jury found that Finnegan and Way were jointly negligent. Subsequently both defendants filed motions for judgment notwithstanding the verdict. The court, in banc, denied Finnegan's motion, but entered judgment, n.o.v. in favor of Way. The use-plaintiff thereupon took this appeal, assigning as error the entry of judgment in favor of Way. No appeal was taken by Finnegan, either from the judgment entered against him or the action of the court in granting Way's motion.

The grounds upon which the lower court granted judgment n.o.v. in favor of Way, as stated in its

opinion, were that the averments in the praecipe, taken together, were the equivalent of an allegation that Way was alone liable for the cause of action declared on; that there was no authority for such a writ in the original Act of 1929; that the amendatory act of June 22, 1931, P. L. 663, which authorizes an additional defendant to be brought upon the record upon the ground that he is "alone liable" for the accident, became effective after the date of the writ; and that the writ was void because, when issued, it was not authorized by any statute. Appellant makes three objections to these propositions, contending; (1) that there was a proper basis for the allegation of liability over by Way to Finnegan, since the negligence of Way was the proximate cause of the accident, and the negligence of Finnegan a mere condition; (2) that, by appearing and defending the suit, Way waived any defects in the writ; and (3) that, in any event, the Act of 1931, being procedural only, remedied any defects in the original writ, even if it be construed as alleging a sole liability.

The principal difficulty with appellant's position is that the writ was issued upon an unsound theory with respect to the relations between tort-feasors. It is true that the Act of 1929 authorized an original defendant to bring upon the record, as an additional defendant, one alleged to be liable over to him for the cause of action sued on. The purpose of this provision, however, was to permit one to be brought in as a defendant who stood in the relation of an indemnitor to the original defendant. Such obligation to indemnify might grow out of a contractual relation, express or implied, as that between principal and surety or maker and endorser; or again, out of a liability imposed by law, as between property owner and municipality. It was not intended, however, to vary the substantive law of negligence. No authority

need be cited for the broad, general proposition that one who has been adjudged liable for a tort has no right of action over against another. It may be that, although one individual has been negligent he is not liable for an injury, because the proximate cause of that injury was the intervening act of another. Such was the situation in the case of Stone v. City of Philadelphia et al., 302 Pa. 340, 153 A. 550.

There, Leven, the driver of an automobile, with knowledge of the existence of a hole negligently left by the city of Philadelphia in one of its streets, negligently drove into the depression, lost control of his car and injured Stone, who was unloading a nearby wagon. In an action by Stone, against Leven and the city it was held—under the doctrine that "causal connection between negligence and damages is broken by the interposition of independent, responsible, human action"—that the city's negligence would have produced no damage to Stone if it had not been for the intervention of Leven's negligent act, which became the immediate, proximate and efficient cause of the damage to Stone and compelled the conclusion that Leven alone was liable.

If the action had been brought against the city alone, it could not, under the Act of 1929, have brought Leven in as an additional defendant, upon the theory that he was liable over to the city for the cause of action declared on in the suit, because, by the very nature of the case, Leven was "alone liable."

It is also true that under certain conditions, as declared in the case of Goldman et al., v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231, one joint tort-feasor may have a right of contribution enforceable against another joint tort-feasor, upon the theory that it is inequitable for the one to bear the whole loss. This, however, is not what is contended for in the present case, and does not form the basis of the writ.

Put in its simplest terms, therefore, the original defendant has here alleged that the additional defendant is liable over to him, because the negligence of the latter was the proximate and efficient cause of the accident. Not only could not the additional defendant be legally liable over to the original defendant on this ground, but the verdict of the jury established that the original defendant was equally guilty. The writ of scire facias operates not only as a method of bringing a party into court, but, in addition, becomes a pleading and must, therefore, state a good cause of action. Since the cause of action here stated could not be sustained either under the law or the proofs, the court below did not err in entering judgment in favor of Way, notwithstanding the verdict.

We are not impressed with the contention that Way waived any defects in the writ by entering his appearance and actively contesting the case. It is true that one waives irregularities in an ordinary writ, issued to bring him into court, by voluntarily appearing, because the sole purpose of such writ is to insure an appearance. The difficulty with this contention of appellant arises from the fact, already pointed out, that the writ of scire facias to bring in an additional defendant also operates as a pleading. As such, it must state a good cause of action as against the additional defendant, and the proofs must support the cause of action declared on. Conceivably, the cause of action might be set out in a separate statement of claim or declaration, but as it is the practice to embody it in the writ, itself, the latter takes on a dual character. As it is the only method by which the additional defendant is apprised of the claim against him, there is no reason why it should not be treated with the same formality as the statement of claim in the original suit. We realize the procedure set up in the act is novel, and has caused much confusion. If, however, the original defendant is not required to state a valid

cause of action in the writ, only more confusion will result. The allegation in this writ was that Way was liable over to Finnegan for the whole of the amount which the plaintiff sought to recover. Since this was not, and could not be, the case, the additional defendant had a right to move for judgment in his favor.

So far as the amending Act of 1931 is concerned, its effect on the writ must necessarily be academic, since the verdict of the jury has established that Way was not alone, but concurrently, liable for the injuries complained of. But if we construe the praecipe as averring sole liability upon the part of Way, such construction makes it altogether void, because the writ was issued before the amending act went into effect. The same problem arose in the case of Shaw et al. v. Megargee, 307 Pa. 447, 161 A. 546, where Mr. Justice Simpson said, at page 452:

"The only reason alleged for the issuing of the sci. fa. was because the additional defendant was *alone* liable for the injuries sustained by plaintiffs. The Act of 1931, supra, is the only statute authorizing a sci. fa. under such circumstances, and, because of the Act of May 17, 1929, P. L. 1808, it did not go into effect until September 1, 1931, since no other date was 'specified in the Act [of 1931] itself.' Here, the sci. fa. alleging such liability was issued July 15, 1931, before the effective date of the Act of 1931, and hence was a void writ."

It is true that the legislation is procedural, and hence applies to litigation instituted before its passage. The amendment, however, cannot resurrect a writ that never had any life.

In view of the conclusions we have reached, it is unnecessary to discuss the other points raised at the argument.

Judgment affirmed.