## Moffatt, Appellant, *v.* Carbondale et al.

Argued January 22, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*P. L. Walsh,* of *Walsh & Fadden,* for appellant.

*Joseph P. Brennan,* with him *J. E. Brennan,* City Solicitor, for defendant, appellee.

*Harold A. Scragg,* for additional defendants, appellees.

*Robert D. Stuart* and *Cornelius B. Comegys,* for second additional defendant, appellee.

PER CURIAM, January 30, 1934:

Appellees have filed a motion to quash this case on the ground that the appeal was taken before entry of judgment on the verdict. Although the reason alleged is technically sound, as stated at the argument the only effect of quashing the appeal at this time would be to postpone our consideration of the case, and as further delay is not desired, the motion is accordingly refused.

Plaintiff appeals from refusal of the court below to award a new trial after verdict for defendants in an action of trespass to recover damages for personal injuries resulting from a fall on an icy sidewalk. The original defendant, City of Carbondale, brought upon the record as additional defendants the brothers Modad, who in turn issued scire facias to bring in the First National Bank of Carbondale as second additional defendant. As ground for asking a new trial, appellant contends he was prejudiced by the method used in challenging the panel of jurors drawn in this case.

Twenty-eight jurors were drawn in the panel. Under objection from plaintiff, the trial judge directed that challenges be made one by plaintiff and one by each of the defendant parties until the list was reduced to twelve. In this way plaintiff received four challenges and defendants, together, twelve. This procedure was in accord with Shaw v. Megargee, 307 Pa. 447, and was proper in this instance, as the interests of all the parties defendant were adverse.

However, plaintiff has no standing to object to the refusal of the lower court to award a new trial. When the panel was reduced to twelve jurors, no objection was made to any of those selected and placed in the jury box. Indeed, at the argument before this court, counsel admitted they were unexceptionable. Plaintiff was accordingly not injured by any apparent inequality in the number of challenges exercised and cannot be heard to complain now. He "is entitled to an impartial jury, but not to any particular juror or jurors": Com. v. Crow, 303 Pa. 91, 100.

As no other questions are raised for our consideration, the order of the court below refusing the motion for new trial is affirmed.