## GROBEL v. MILLER et al.*

### MILLER v. RAWNSLEY.
### Nos. 5228, 5271.

Circuit Court of Appeals, Third Circuit.
June 1, 1934.

Samuel S. Herman, Felice E. Darkow, and Herman & Harris, all of Philadelphia, Pa., for Grobel.

Marshall A. Coyne, of Philadelphia, Pa., for Miller.

C. Brewster Rhoads and Laurence H. Eldredge, both of Philadelphia, Pa. (Montgomery & McCracken, of Philadelphia, Pa., of counsel), for Rawnsley.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

These appeals are from judgments of the District Court for the Eastern District of Pennsylvania. The plaintiff Miller was injured while riding in an automobile owned and operated by Grobel, which collided with an automobile owned and operated by Rawnsley. He brought suit in trespass against Rawnsley, alleging that the negligence of the latter caused the collision. Rawnsley brought Grobel upon the record as an additional defendant by writ and amended writ of scire facias under the Pennsylvania Act of April 10, 1929, P. L. 479 (12 PS § 141). The writs were issued before the passage of the Act of June 22, 1931, P. L. 663 (12 PS § 141 and note). Grobel, the additional defendant, filed an affidavit of defense in lieu of demurrer, which was overruled. He then answered denying that he was negligent, averring that he was on the business of the plaintiff, and denying liability in any respect. The trial resulted in a verdict and judgment in favor of the original defendant, and a verdict and judgment in favor of the plaintiff against the additional defendant. The additional defendant, Grobel, appealed (No. 5228) and the plaintiff, Miller, appealed (No. 5271).

Appeal No. 5228.

The verdict for the plaintiff was entered on April 27, 1933. Within the four days allowed by rule of court, the additional defendant moved for a new trial. On May 18, 1933, he petitioned for leave to file a motion in arrest of judgment as of May 1, 1933; but, although he was granted leave to do so within four days, it was not until June 6, 1933, that the motion in arrest of judgment was in fact filed. It is contended that this motion is a nullity because filed after the date allowed by the rules and order of the District Court. We need not pass upon that contention, since there is ample authority for an appellate court to order judgment arrested although there is no motion in arrest of judgment in the trial court.

In Slacum v. Pomery, 6 Cranch, 221, 223, 3 L. Ed. 205, the Supreme Court reversed judgment and remanded the cause with directions that the judgment be arrested because of a fatal defect in the declaration. In answer to the contention that there was no motion in arrest of judgment and no objection taken in the court below, Chief Justice Marshall said: "There can be no doubt that any thing appearing upon the record, which would have been fatal upon a motion in arrest of judgment is equally fatal upon a writ of error." And again: "Had this error been moved in arrest of judgment, it is presumable the judgment would have been arrested; but it is not too late to allege, as error, in this court, a fault in the declaration, which ought to have prevented the rendition of a judgment in the court below."

See, also, Cragin v. Lovell, 109 U. S. 194, 3 S. Ct. 132, 27 L. Ed. 903; United States

Fidelity & Guaranty Co. v. Whittaker (C. C. A.) 8 F.(2d) 455; Griggs v. Nadeau (C. C. A.) 221 F. 381; Western Union Telegraph Co. v. Sklar (C. C. A.) 126 F. 295; World's Columbian Exposition Co. v. Republic of France (C. C. A.) 91 F. 64.

The situation is as though the appeal were before us upon refusal of a timely motion in arrest of judgment.

It is undisputed that no cause of action against the additional defendant is set up in the plaintiff's pleadings. If there are any allegations of negligence of the additional defendant constituting a cause of action against him, they must be sought in the amended writ of scire facias. The pertinent paragraphs of the amended writ read:

"And whereas, the defendant Frederick Rawnsley in said suit alleges that Charles W. Grobel (A) is liable over to said defendant for the cause of (B) action declared on in said suit, for one-half of any amount which may be recovered therein against said defendant, by reason of the fact that said defendant alleges * * *

"(3) The collision referred to in plaintiff's statement of claim and alleged to have resulted in said plaintiff's loss was caused primarily, immediately and directly by the negligence of the said additional defendant, Charles W. Grobel, the driver of the automobile in which said plaintiff was riding as a passenger. It is denied that the original defendant, Frederick Rawnsley, was negligent in any manner whatsoever but it is averred that should any negligence be proven against said original defendant the negligence of the said additional defendant was a concurring and joint cause of any damage or injury which the said plaintiff may have suffered.

"(4) It is averred that the said collision described in plaintiff's statement of claim and any injuries or loss which may be proven at the trial of this cause against the original defendant were due primarily, immediately and directly to the negligence of the said additional defendant, Charles W. Grobel. * * *

"Wherefore it is alleged that said additional defendant is liable over to the original defendant for one-half of any amount which may be recovered against the original defendant by the said plaintiff, which latter right of recovery is expressly denied and proof demanded, by reason of the fact that the negligence of the said additional defendant was a direct and concurring cause of any injuries to the plaintiff with the negligence of the original defendant, should any be proven against him and hence Charles W. Grobel

should be brought upon the record as additional defendant as provided by our Act of April 10, 1929, P. L. 479. * * * "

This amended writ of scire facias was filed December 16, 1930, and upon its face shows that it was issued under authority of the Pennsylvania Scire Facias Act of April 10, 1929. It must therefore be construed in the light of decisions interpreting that act. The writ cannot be sustained upon an averment that the additional defendant was solely liable and the original defendant free from liability. We so held in Yellow Cab Co. v. Graham, 61 F.(2d) 666. Our ruling was in accord with the decision of the Pennsylvania Supreme Court in Shaw v. Megargee, 307 Pa. 447, 161 A. 546, and King v. Equitable Gas Co., 307 Pa. 287, 161 A. 65. The gist of these decisions is that, prior to the Act of June 22, 1931, there was no authority in law for a writ of scire facias averring sole liability.

Furthermore, the allegation of liability over does not make the writ valid. Save for a few inapplicable exceptions, the substantive tort law of Pennsylvania gives no right of action over to one who has been adjudged liable for a tort. A writ, containing an averment that the additional defendant is liable over to the original defendant because the negligence of the former was the proximate and sole cause of the accident, cannot be sustained as stating a valid cause of action. Nunamaker v. Finnegan and Way, 110 Pa. Super. Ct. 404, 168 A. 482.

Although the original defendant might have pleaded that the additional defendant was jointly liable with him, the amended writ discloses that the original defendant disclaimed joint liability. Paragraph 3 of the amended writ contains an averment that the collision was caused primarily, immediately and directly by the negligence of the additional defendant, and a denial that the original defendant was negligent in any manner whatsoever. In paragraph 4 it is averred that the collision, injuries, and loss were due primarily, immediately, and directly to the negligence of the additional defendant. Where one of the two parties involved is entirely free from negligence, it is obvious that joint liability cannot arise.

Since allegations of sole liability and liability over are ineffective to state a cause of action, even if pleaded, and since there is no adequate averment of joint liability, the amended writ of scire facias completely fails to state a cause of action against the addi-

tional defendant. The demurrer should have been sustained and, at a later stage of the proceedings, the motion in arrest of judgment allowed.

■ There is another reason for our conclusion that the trial court was in error when it entered judgment on the verdict in favor of the plaintiff and against the additional defendant. In the leading case of Vinnacombe v. Philadelphia et al., 297 Pa. 564, 147 A. 826, 828, the Pennsylvania Supreme Court, referring to the Act of April 10, 1929, said:

"Nothing in the act shows the slightest intention to affect plaintiffs in such suits. Consequently, the adding of additional defendants will give no higher right to plaintiffs than they had before. As to them the action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named. * * *

"If, at the trial, the jury's verdict is in favor of the original defendant, they need go no further. * * * Whenever the final judgment is in favor of the original defendant, the judgment against the additional defendants, if one has been entered, should be stricken off on motion. * * *"

The view that there is no issue between the plaintiff and the additional defendant was reiterated by the Pennsylvania Supreme Court in First National Bank v. Baird, 300 Pa. 92, 150 A. 165, 168, where the court said: "Not having sued the executors (additional defendants), plaintiff can recover no verdict or judgment against them; there being no issue between it and them, there can be no trial on the theory that there is an issue to be tried; the only one who can possibly recover against the additional defendants is the original defendant who has brought them into court and raised an issue with them."

It is clear from the above cases that two distinct actions exist when a third party has been brought into the case by writ of scire facias issued under the authority of the Act of April 10, 1929. The first issue is between the plaintiff and the original defendant, and the second between the original defendant and the additional defendant. Since there is no issue between the plaintiff and the additional defendant, a verdict or judgment in favor of the plaintiff and against the additional defendant cannot be sustained. When, in the instant case, the jury brought in a

verdict for the original defendant, the verdict against the additional defendant should have been stricken off the record.

The cause is remanded, with directions to arrest judgment and enter judgment for the additional defendant upon the pleadings.

### Appeal No. 5271.

■ This appeal is taken from the refusal of the trial court to grant the plaintiff a new trial against the original defendant. It may be stated at the outset that the refusal of a new trial is within the discretion of the trial court and is not appealable except for an abuse of discretion. Slip Scarf Co. v. Filene's Sons Co. (C. C. A.) 289 F. 641. In Lazier Gas Engine Co. v. Du Bois (C. C. A.) 130 F. 834, 839, the court said: "Neither the verdict of the jury, nor the exercise by the trial judge of his discretion in refusing a new trial, are subject to review by this court, unless, in the latter case, that discretion has been abused."

■ There was sufficient conflict of testimony as to the negligence of the original defendant to justify the submission of that question to the jury. We can therefore find no abuse of discretion in the refusal of the trial court to grant a new trial upon the ground that the jury did not find a verdict against the original defendant. Nor do we find such reversible error in the trial of the issues arising between the plaintiff and original defendant as to justify our ordering a new trial. The court's charge to the jury, instructing them as to the verdicts which they might return, though erroneous, was, as we have indicated in our prior discussion, prejudicial to the rights of the additional defendant rather than harmful to the plaintiff. The plaintiff complains that he is left without a judgment against either defendant in the event that we should arrest judgment against the additional defendant. The plaintiff, however, chose to restrict his cause of action to Rawnsley, the original defendant, rather than to proceed against Rawnsley and Grobel as joint defendants. His present dilemma is created by the fact that he failed to prove his case against the party whom he chose to sue.

The judgment entered on the verdict in favor of the original defendant is therefore affirmed.