## Beishline v. J. F. Kressly Estate, Inc., et al.

*Herbert F. Laub*, for plaintiff.
*Jacob A. Raub, Jr.*, for defendant.
*Chidsey, Maxwell & Frack*, for additional defendant.

STEWART, P. J., April 6, 1936.—This is a motion by the additional defendant to strike from the record the writ of sci. fa. and præcipe therefor. The reason assigned is:

"The writ of scire facias and the præcipe for the writ are contradictory and bad for duplicity in that both the writ and the præcipe therefor allege three separate and inconsistent grounds for liability by the said additional defendant to the said original defendant, to wit: (1) That the additional defendant is jointly and severally liable with the defendant to Kate R. Beishline, the plaintiff in the original cause of action; (2) that the additional defendant is solely liable to the said plaintiff and (3) that the additional defendant is primarily liable to the said plaintiff."

The action was trespass. The plaintiff, Kate R. Beishline, was a passenger in the motor vehicle of A. Whitenight, the additional defendant, in a collision between the latter's car and a truck of the J. F. Kressly Estate, Inc., which was operated by one of its employes. The plaintiff brought her suit on December 7, 1935, against J. F. Kressly Estate, Inc., which is the original defendant. The original defendant, on February 12, 1936, then issued its sci. fa. to bring in Whitenight as additional defendant. On March 5, 1936, the present motion was filed. It will thus be seen that no question arises as to the statute of limitations or lapse of time before making the motion, such as was presented in Shupp v. Ralph Brothers, Inc., 24 Northamp.183, where we discussed the Acts of 1929 and 1931. When we look at the record, we find that the præcipe is as follows:

"To the Prothonotary of said Court:

"Issue a Writ of Sci Fa in accordance with the provisions of the Act of April 10, 1929, P. L. 479, as amended by the Acts of June 22, 1931, P. L. 663, and of May 18, 1933, P. L. 807, to bring upon the record as additional Defendant, A. Whitenight, whom Defendant alleges is either jointly or severally liable with J. F. Kressly Estate, Inc. or solely liable to the Plaintiff, Kate R. Beishline, for the cause of action declared on in this case to the extent of the whole or an equal portion of the amount which may be recovered therein against it for the reason that:

"(1)  A. Whitenight was the owner and driver of the motor vehicle which collided with the truck of the J. F. Kressly Estate, Inc.

"(2)  The collision of the motor vehicle of A. Whitenight with the truck of the J. F. Kressly Estate, Inc., was the direct result of the carelessness and negligence on the part of the said A. Whitenight.

"a: In operating his motor vehicle at a rate of speed which was high and dangerous under the circumstances.

"b: In failing to have his motor vehicle under proper and adequate control in negotiating a curve.

"c: In driving his motor vehicle over the left side of a white painted line on the curve at the place aforesaid.

"d: In violating the Statutes of the State of Pennsylvania pertaining to the speed and control of automobiles at curves.

"e: In otherwise failing to regard the rights and safety of the Plaintiff company and others lawfully using the highway at the place aforesaid.

"And hence, the said A. Whitenight was primarily responsible for the collision of his motor vehicle with the truck of the J. F. Kressly Estate, Inc., which Plaintiff alleges caused the injuries for which her suit is brought."

The sci. fa. omitted any reference to the Act of June 22, 1931, P. L. 663, and, instead of using the words of the præcipe and of the act, set forth that "A. Whitenight is either jointly *and* severally liable to the Plaintiff . . ." It is needless to say that the prothonotary should have followed the præcipe. The omission of the Act of 1931 from the sci. fa. is an important defect. The Act of April 10, 1929, P. L. 479, provides as follows:

"Section 1.  Be it enacted, &c., That any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record as an additional defendant any other person alleged to be liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued, and such suit,

shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendants."

The amended Act of June 22, 1931, P. L. 663, provides as follows:

"Section 1. Be it enacted, &c., That any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record, as an additional defendant, any other person alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued; and such original defendant shall have the same rights in securing service of said writ as the plaintiff in the proceedings had for service of process in said cause. Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability."

The latter act provides for the joinder of a defendant who is alone liable, and it also provides for the entry of a judgment in favor of the plaintiff against the additional defendant, which could not be had under the Act of 1929: see Huber Investment Co., to use, v. Philadelphia National Bank, 116 Pa. Superior Ct. 380. It will thus be seen that under the sci. fa. in this case the original defendant, even if he is correct that the additional defendant is primarily responsible, could not bring the additional defendant within the terms of the Act of 1931. It does not follow, because the Act of 1931 was an amendment to the Act of 1929, that therefore the defect in the writ is unimportant. In many of the decisions the Supreme Court has said that there is no objection to bring-

ing suit against two or more persons, utterly ignoring both the Acts of 1929 and 1931, and while it is true, as has been said from Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564, down to Gossard v. Gossard et al., 319 Pa. 129, that these statutes should be liberally construed to advance the legislative purpose, yet there should be an identity of subject between the præcipe and the sci. fa.

The more important question argued is that of duplicity. The rule of common-law pleading relating to duplicity or doubleness precludes parties, either the plaintiff or defendant, in each of their pleadings, from stating or relying upon more than one matter constituting a sufficient ground of action or defense or an adequate answer to the precedent pleadings of the opponent: 1 Chitty Pleadings (16th American ed.) 249; 3 Standard Pennsylvania Practice, sec. 15. That common-law rule has not been abrogated by the statutes in suit. The facts set forth in the sci. fa. constitute a pleading, and must state a good cause of action: See Nunamaker et al., to use, v. Finnegan, 110 Pa. Superior Ct. 404; Fisher et ux. v. City of Philadelphia, 112 Pa. Superior Ct. 226; and Rudman et ux. v. City of Scranton et al., 114 Pa. Superior Ct. 148. By the Act of 1931 the plaintiff may obtain a judgment against the additional defendant. We have examined the statement of the plaintiff in this case. In it the plaintiff nowhere refers to the additional defendant that the original defendant has made a party to this case. When the additional defendant looks at the plaintiff's statement, he could see nothing therein which would subject him to judgment. When, therefore, a sci. fa. is issued, it ought to set forth the cause of action against him, not one of three causes, but one cause, and while one of the declared purposes of these enabling acts is to avoid a multiplicity of suits, yet, as has been stated by the judges of the higher courts, the interests of the two defendants are conflicting. The original defendant is here interested just as much in showing that the additional defendant is

liable to the plaintiff as he is in showing that the plaintiff is not entitled to recover at all. In Shaw et al. v. Megargee et al., 307 Pa. 447, it was held that the interests of the original defendant and the additioual defendant were so antagonistic that they were each entitled to four challenges. When it comes to a vital matter like the statement of liability, we think that the statement should show which one of the three grounds of liability the original defendant relies on, and we think that the present case is ruled by Bowers v. Gladstein et al., 317 Pa. 520. It is true that the Supreme Court did say that the lower court was right in quashing the writ because the sci. fa. was issued too late, but the court also said:

"Apparently recognizing that the statute was a complete bar if the allegation was of a sole liability of the additional defendant to the plaintiff for the cause of action sued on, the original defendant alleges in his brief, that in one place in the sci. fa. it requires defendant to answer 'fully and specifically denying, with the reasons therefor, alone liability over to said defendant joint or several liability with said defendant for the whole of any recovery which may be had against said defendant in said suit.' This clause is but little more than a rigmarole, but giving to it all the effect appellant claims for it, the basis of the contention founded on it is that because of the words 'joint or several liability' the clause must be interpreted to mean a liability with the original defendant to plaintiff and not a sole liability for the entire recovery by plaintiff. This contention is, however, repeatedly negatived in the writ. It is evident that, through the error of some one, the words 'joint or several liability' in the printed form of the writ were allowed to remain instead of being erased, as they should have been, in view of the clear and express allegations of sole liability. The contention fails, however, for another reason. If the writ avers both a sole liability over to the original defendant for the entire recovery of plaintiff against him, and a joint and several liability with the original defendant,

then the writ is bad for duplicity and for that reason was properly quashed."

The only cases cited by the learned counsel for the original defendant which support the view that he contends for, that the pleader is not required to indicate what he relied on in proceeding against the additional defendant, are Williams v. Kozlowski et ux., 313 Pa. 219, and Rudman et ux. v. City of Scranton et al., 114 Pa. Superior Ct. 148. In the first case the suit was brought against property owners and the City of Pittsburgh jointly. What Mr. Justice Maxey said on pages 225 and 226 was directed to calling attention to the fact that the Scire Facias Acts of 1929 and 1931 provided for bringing all the parties on the record. The case was brought under the Act of June 29, 1923, P. L. 981. He said:

" . . . but to bring the practice into complete harmony with these acts, we hold that there is now no legal policy which forbids the *plaintiff's* bringing all defendants upon the record whether they are liable jointly or severally. These acts expressly purport to be a departure in procedure from the common law rule which forbade the joining in one suit of persons committing torts which were not joint. The Scire Facias Act of June 22, 1931, P. L. 663, sec. 2, provides, inter alia, 'Upon the joinder of additional defendants under the terms of this act, such suit shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendants.' "

What he had in mind was parties, not pleadings.

In Rudman et ux. v. City of Scranton et al., supra, Judge Parker said, on page 157:

"The appellee further contends that the præcipe is defective because the city failed to specifically aver in so many words that the water company was liable either jointly or severally with the city or alone liable. This is not a valid objection. The city has pleaded the facts, as it was its duty to do, and not a mere conclusion. If the

city had confined its statement in the præcipe to an averment that the company was either jointly or severally or alone liable, then undoubtedly the water company would have been here contending that a mere legal conclusion had been pleaded and not the facts. The facts pleaded disclosed the nature of the claim and this was sufficient. In any event, it cannot be decided as a question of law that the plaintiff is not entitled to recover. If the water company desired and was entitled to more definite information, its proper remedy was a motion for a more specific averment."

On page 150 it is said this was a "Motion to quash the writ. The court granted the motion."

On page 151 it is said:

"The Spring Brook Water Service Company filed an affidavit of defense raising questions of law and assigned eight reasons why the scire facias was not sufficient. An objection to the scire facias was sustained and the writ quashed."

In the discussion on page 155 Judge Parker said: "At the outset it should be observed that the issue raised here at this time arises on an affidavit of defense raising a question of law." He seems to treat the case from that point of view. That is to say, he considered the question whether as a matter of law the plaintiff is not entitled to recover, and, while there is a careful discussion of other questions, that seems to be about all that was decided. If there is a conflict between these two cases, we think we should follow Bowers v. Gladstein et al., supra. It should be noted that Mr. Justice Simpson, in Vinnacombe et ux. v. Philadelphia et al., supra, as part of his opinion, prepared a form for a præcipe and for a sci. fa. under the Act of 1929, and he carefully distinguished between separate liability, and bracketed "or jointly or severally liable with him, as the case may be", and the same bracketing is found in the writ. It cannot be supposed that Mr. Justice Simpson would have used the brackets if he thought the form used in the present case was proper

under the Act of 1929, and, when we have the added changes made by the Act of 1931, the necessity of designating the cause of action becomes imperative. We have examined all the cases cited by the learned counsel in their briefs, to which may be added Gossard v. Gossard et al., 319 Pa. 129; Murray et ux. v. Lavinsky et al., 120 Pa. Superior Ct. 392; Koontz v. Messer et al., 320 Pa. 487; and Jackson v. Gleason et al., 320 Pa. 545, and the various sets of facts in those cases have compelled so many difficult interpretations of the acts in question by the higher courts that we think it is absolutely essential to the proper trial of a case that strictness of statement in the præcipe and the sci. fa. be insisted on.

And now, April 6, 1936, rule to show cause why the præcipe and sci. fa. should not be stricken from the record is made absolute.