## Moore v. Veltri et al.

Robert M. Carson, for plaintiff.

L. A. Sculco and Jos. M. Loughran, for defendant.

Paul M. Robinson, for additional defendant.

BAUER, J., July 7, 1952. — Alexander Y. Moore has brought an action in trespass against James Veltri, November term, 1950, at no. 240. Plaintiff, Alexander Y. Moore, on March 18, 1950, was a guest passenger

in an automobile owned and operated by one Elmer Moore. This is an action for damages against defendant, James Veltri, as a result of a collision between a car driven by Elmer Moore and a car driven by James Veltri.

James Veltri in this action brings upon the record, in accordance with the Rules of Civil Procedure, Elmer Moore, the owner and operator of the automobile in which Alexander Y. Moore was a passenger, and filed a complaint against additional defendant, Elmer Moore. Thus, in the first case Alexander Y. Moore is the plaintiff and James Veltri is defendant, and Elmer Moore is an additional defendant.

In another action at November term, 1950, no. 241, tried at the same time, Elmer Moore, the owner and operator of the car, brings an action against defendant, James Veltri.

Upon the trial of the cases Alexander Y. Moore, in the case at November term, 1950, no. 240, was awarded a verdict against James Veltri in the sum of $502.37, and Elmer Moore, at November term, 1950, no. 241, was awarded a verdict against James Veltri in the sum of $1,707.

When the cases came on for trial counsel for Elmer Moore, plaintiff, asked that there be a severance in the case of Alexander Y. Moore v. James Veltri, and additional defendant, Elmer Moore, in the case at November term, 1950, no. 240. In this motion counsel for Alexander Y. Moore joined.

The trial judge refused this motion and directed that 24 jurors be called and examined on voir dire as a whole.

The court recalls that Elmer Moore sat on plaintiff's side of counsel table with his counsel as did Alexander Y. Moore, and on defendant's side of the counsel table sat James Veltri, defendant in both cases, with his counsel.

Counsel for Alexander Y. Moore would challenge one juror peremptorily, then counsel for Elmer Moore would exercise his right to a peremptory challenge, then counsel for defendant would challenge peremptorily, and thus continue until each plaintiff had four challenges and defendant, James Veltri, had four challenges.

If these cases had been tried separately, plaintiff, Alexander Y. Moore, would have been entitled to four challenges, defendent, James Veltri would have been entitled to four challenges,and additional defendant, Elmer Moore, would have been entitled to four challenges. In the case of Elmer Moore, plaintiff would have been entitled to four challenges and defendant, James Veltri, would have had four challenges. We see no reason, therefore, because of the fact that the cases were tried together that in either of the cases defendant should have been deprived of four of his challenges.

The matter of peremptory challenges in civil cases is covered by the Act of March 29, 1860, P. L. 344, sec. 1, 17 PS §1171, which is as follows:

"On the trial of all civil suits now pending, or hereafter brought, in any of the courts of this Commonwealth, the plaintiff and defendant shall each have four peremptory challenges."

Rule 221 of the Rules of Civil Procedure, relating to peremptory challenges, provides, as follows:

"Each party, or group or class of parties having a common interest, shall be entitled to four peremptory challenges, which shall be exercised in turn beginning with the plaintiff and following the order in which they are named or became parties to the action. Adopted September 8, 1938. Effective March 20, 1939."

So far as the number of challenges to which each party is entitled, the Rules of Civil Procedure and the Act of 1860 are in accord.

In the case of Shaw et al. v. Megargee et al., 307 Pa. 447, Mr. Justice Simpson states at p. 451, as follows:

"It says that 'plaintiff and (the) defendant shall each have four peremptory challenges.' If it had said that plaintiffs and defendants shall each have four peremptory challenges, more could be said for the conclusion of the court below. The language is in the singular, however, and hence, to fairly apply it, we must hold that 'each (antagonistic interest shall) have four peremptory challenges.' Not otherwise can we give effect to the evident intent of the statute, which, so far as we are aware, has not heretofore been construed by any court."

The Megargee case is the first case construing the Joint Suit Act of June 29, 1923, P. L. 981, and decides that each additional defendant is entitled to four challenges under the Act of 1860.

We are convinced that if each additional defendant is entitled to four challenges, a defendant in two separate suits is entitled to four challenges in each suit because surely his interest in each case is antagonistic to each plaintiff.

In the cases cited by counsel for plaintiff and additional defendant in their brief, each additional defendant was entitled to four challenges, but in the case at bar we do not have Elmer Moore challenging as an additional defendant—he is challenging as a plaintiff.

For this reason, therefore, we believe that the rights of the defendant have been prejudiced and as is stated in the case of Timlin v. Scranton et al. (No. 1), 139 Pa. Superior Ct. 503, 506:

"Section I of the Act of March 29, 1860, P. L. 344 (17 PS 1171) provides that where the defendants in an action have antagonistic interests between themselves, as here, *each class* of such defendants is entitled to four peremptory challenges. See Shaw v. Megargee, 307 Pa. 447, 161 A. 546. The interests of the city,

and those of the property owners were antagonistic. Each was entitled, therefore, to four peremptory challenges."

While the record would seem to indicate that counsel had agreed that 24 jurors should be called, this discussion was had by counsel in chambers, and counsel were not in agreement, and the court seems to have been in error in permitting this matter to go to trial, even if counsel had agreed, when the rights of defendant may have been prejudiced.

We are convinced that defendant was entitled to more challenges because there were two separate plaintiffs, and there had been a motion made to have these cases tried separately, which the court had overlooked. So that there may be no injustice, we will grant a new trial.

And now, July 7, 1952, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the motion for a new trial be and the same hereby is granted.