## ELMORE COUNTY, ALA., v. MOON.

(Circuit Court of Appeals, Fifth Circuit. October 23, 1923.)

No. 3962.

**I. Courts ⬤➞310—Citizenship of plaintiff held to give jurisdiction to federal court.**

A federal court *held* to have jurisdiction of an action on a contract whereby plaintiff, at the time of suit a citizen of another state, and another, who was a citizen of the same state as defendant, contracted to do certain work, where such other abandoned the contract and the work was performed by plaintiff alone.

**2. Courts ⬤➞312(2)—Jurisdiction of federal court; plaintiff held not suing as "assignee."**

In action on contract made with plaintiff and another, but performed by plaintiff after the other's abandonment, plaintiff does not sue as

---

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"assignee," within Judicial Code, § 24 (Comp. St. § 991); that provision is not applicable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assignee.]

3. **Estoppel** ☞63—**Presentation of claim against county held not to estop claimant to sue.**

Presentation to a county of a claim in the joint names of the two persons with whom the county made the contract under which the claim arose, though in fact the beneficial interest in the contract was in one who performed the contract alone, *held* not to estop him to maintain an action thereon in his name alone; no action on the claim having been taken by the county to its prejudice.

4. **Evidence** ☞471(29)—**Testimony of one party to a contract that he has no beneficial interest therein held not conclusion.**

In an action on a contract for work by one of the two joint contractors alone, the testimony of the other contractor that he has no beneficial interest in the recovery is not incompetent to establish that fact as a conclusion.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Action at law by W. P. Moon against Elmore County, Ala. Judgment for plaintiff, and defendant brings error. Affirmed.

·J. R. Thomas, of Montgomery, Ala. (Hill, Hill, Whiting & Thomas, of Montgomery, Ala., on the brief), for plaintiff in error.

B. P. Crum, of Montgomery, Ala. (Holley & Milner, of Wetumpka, Ala., and Steiner, Crum & Weil, of Montgomery, Ala., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. At the December term, 1921, of the United States District Court for the Northern Division of the Middle District of Alabama, the defendant in error filed his complaint against the plaintiff in error, in the first count claiming $6,000 for work and labor done during the year 1920. In the second count the claim is based upon a contract to make surveys and reports on the federal aid highway project in Elmore county, according to plans adopted and used and supervised by the state highway department of Alabama, wherein it was contracted to pay defendant in error and one Fulton Pace for said services 4½ per cent. of the estimated cost of said work. The count further avers that said Pace did not perform any part of said contract and is not interested in said contract, but that the plaintiff below (defendant in error) did, during the year 1920, with the knowledge and consent or acquiescence of the county, fully perform the contract, and that the plans and report of said surveys so made were accepted and approved by said state highway department, and the estimated cost of the project by said state highway department was $132,214.38.

·To this complaint three pleas were interposed by the county: (1) A plea to the jurisdiction, in that Pace, one of the parties interested in the subject-matter of the suit, is a resident and citizen of Alabama, and that said suit is brought in the name of Moon for the purpose of vest-

ing jurisdiction in this court; (2) the plea sets out the contract between the probate judge of the county and Moon and Pace, and then avers that Moon and Pace filed a claim with the court of county commissioners of Elmore county, in which the amount claimed was $5,406.77, and to which was attached as an exhibit the estimate of the costs of the project as approved by the state highway engineer, and further avers that Moon swore that Pace had an interest, and therefore this court had no jurisdiction, Pace being a citizen of Alabama. The third plea sets out the same contract, the same claim as sworn to by Moon, with the same exhibits attached, and then avers that Pace is a material and necessary party to the action, is a citizen and resident of Alabama, and therefore this court is without jurisdiction.

The plaintiff in error demurred to each of the two counts on some 16 grounds. The defendant in error demurred to the pleas interposed. The first set of pleas were filed February 10, 1922. The lower court sustained the demurrer to these pleas, and the defendant filed three other pleas: (1) The general issue. (2) The allegations of the complaint are untrue. (3) The defendant is not guilty of the matters alleged.

Issue was joined on this last set of pleas, and a trial was had, which resulted in a verdict for the plaintiff below, in the sum of $5,961.61, upon which judgment was duly entered. To this judgment writ of error was sued out from this court. There are 37 assignments of error, the first 4 assignments of error are addressed to the court's action in sustaining the demurrers to the first set of pleas interposed as to the jurisdiction. The grounds from 5 to 18, inclusive, are addressed to overruling of the demurrer to the complaint. The discussion on the other assignments will dispose of the questions raised by these assignments.

Then follow assignments of error to the court's action in admitting in evidence the contract with Moon and Pace, and parol evidence to which objection was made, and the court's refusal to dismiss the case for want of jurisdiction, also the refusal of the court to give certain charges requested. The court gave an affirmative charge that, if the jury believed the evidence, they would find for the plaintiff in the sum of $5,-408.77, with interest from February 8, 1921. This charge was duly excepted to and is assigned as error in the twenty-fourth assignment.

[1] The first question raised by the several assignments to be decided is: Did the lower court have jurisdiction to hear and determine this case? This question is raised in the first set of pleas filed, as well as by the charge asked and refused. The facts appearing from the evidence bearing upon this question are that the contract entered into by the county with two persons, Pace and Moon, to do this work. Subsequently Pace abandoned the contract and did no part of the work. Moon did the work, and completed it according to the contract. Moon was a citizen and resident of North Carolina at the time of bringing this suit. It seems clear to us that there was a diversity of citizenship, vesting the court with jurisdiction.

[2] We do not think that Judicial Code, § 24 (Comp. St. § 991), wherein assignees of choses in action are barred from bringing suit,

is applicable to this suit. A further contention is made that Moon and Pace acted in bad faith in order to vest this court with jurisdiction. This contention is not borne out by the testimony. It is. true that Pace and Moon were each residents and citizens of Alabama when the contract was made, but the testimony conclusively shows that the abandonment of the contract by Pace was due to his appointment as county engineer of another county, and Moon's removal to North Carolina was due to his appointment to a position in that state.

[3] It is also contended that Moon was estopped from claiming that Pace had no interest in the proceeds to be recovered from the work or under the contract by the claim filed by him in the name of Pace and Moon. We do not see how an estoppel could arise from said fact. The condition of the parties was in no way changed, nor was the board thereby induced to in any manner change its position, nor does the plaintiff below change his demand as first taken in this suit.

There is assigned as error the action of the trial judge in admitting in testimony the contract signed by the judge of probate of the county. We do not think this assignment is well taken. The proofs show that the court of county commissioners by resolution instructed him to execute this contract, and the contract as executed by him was in the terms set forth in the resolution. We therefore think there is nothing in the contentions of plaintiff in error that the judge of probate was not authorized to bind the county by this contract. It was the evident intention of the board that the county should be bound by the contract authorized in the resolution and the judge of probate authorized to execute it on behalf of the county.

[4] There is also an assignment that the trial judge erred in overruling the objection to Pace's testimony that he had no interest in the proceeds of the contract. The ground urged in support of this contention, that it called for the conclusion of the witness, is not well taken. That a party has an interest in the proceeds of a suit is a fact, not a conclusion.

This disposes of all the errors assigned, except that reserved to the affirmative charge; for, if this charge is sustained, then the court committed no error in refusing the requested charges asked by the defendant at the trial. This evidence shows without contradiction that the original plan contemplated in the project for improvement was from Wetumpka to Claud, a distance of approximately nine miles; that Moon did the work contemplated in the contract, with the knowledge of and without objection of the probate judge, and that said plans were approved. by the chief engineer of the state highway department, and the estimate of the cost of the project was made by him; that he was the person to whom the highway department looked for such service; that the claim was presented to the court of county commissioners and payment refused, except the allowance of $1,080, which was refused by Moon. It is true that this demand was made in the joint names of Pace and Moon, but it is also true that it was presented by Moon, and the refusal to pay the same was on the ground that the county commissioners had only contemplated the expenditure of $24,-000, an amount-sufficient to construct only two miles of the nine-mile

contemplated project. Under the admitted and undisputed facts we see no error in the court's affirmative charge, and find no reversible error in the record.

The judgment of the lower court will therefore be affirmed.