## YELLOW CAB CO. OF PHILADELPHIA v. RODGERS et al.

### No. 4839.

Circuit Court of Appeals, Third Circuit.

Oct. 25, 1932.

730

M. Randall Marston and Bernard J. O'Connell, both of Philadelphia, Pa., for appellant.

J. Morris Yeakle and Victor Frey, both of Philadelphia, Pa., for appellee Rodgers.

Frank R. Ambler and Harry S. Ambler, Jr., both of Philadelphia, Pa., for appellee Donaghy.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

Sarah J. Rodgers, one of the appellees, brought suit in trespass against the appellant, the Yellow Cab Company, in a Philadelphia county court to recover damages for personal injuries sustained by her when a taxicab, in which she was a passenger and which was owned by the appellant, collided with a truck owned by the other appellee, Fannie P. Donaghy. The suit was removed to the United States District Court on the ground of diversity of citizenship. The appellant then caused a writ of scire facias to be issued under authority of the Pennsylvania Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663 (12 PS § 141 and note), to bring the appellee Fannie P. Donaghy into the case as an additional defendant. The appellant, the original defendant, alleged in the writ that Fannie P. Donaghy was solely liable for the cause of action declared upon and for the whole of the amount which might be recovered against it. At the close of the testimony presented by the plaintiff and the original defendant, the trial court directed a verdict for the additional defendant, and presented the issues between the plaintiff and the original defendant to the jury. The jury returned a verdict in favor of the additional defendant, and a verdict in favor of the plaintiff and against the original defendant. The appeal is from the judgments entered on each of these verdicts.

The sole issue, as between the original defendant and the additional defendant, is whether the trial court was in error in directing a verdict. Condensed, the appellant's argument is that the jury should have been permitted to find whether the additional defendant on the facts proven was solely liable, jointly liable with the original defendant, severally liable with the original defendant, or liable over to the original defendant. It is true that the 1929 act, as amended by the act of 1931, permits writs of scire facias to issue on any one of these allegations. It is conceivable that an original defendant might set forth in a writ of scire facias any or all of these grounds for adding a defendant to an action already instituted. The original defendant in this case, however, chose to restrict its cause of action against the additional defendant to the single allegation that the additional defendant was alone liable. It would be contrary to the ordinary rules of pleading to conclude that, although the original defendant's case was based on the theory of the sole liability of the additional defendant, it might at the trial change its theory to some other form of liability than that pleaded. In Shaw v. Megargee, 307 Pa. 447, 161 A. 546, the Supreme Court of Pennsylvania did not deem an allegation of sole liability interchangeable with allegations of joint and several liability or liability over. See, also, the decision of this court of October 24, 1932, in Yellow Cab Company of Philadelphia v. Graham and Smythe, 61 F.(2d) 666. In Shapiro v. Philadelphia, 306 Pa. 216, 159 A. 29, 30, cited by the appellant, the Supreme Court of Pennsylvania by inference recognized the right of the trial court to direct a verdict for the additional defendant when it said: "In this, as in all other cases within the purview of the act of 1929, the trial court should allow the city to offer evidence to show that the transit company was liable (primari-

ly, jointly, or, since the amendment of 1931 * * * solely) for the tort complained of, before entering a nonsuit or directing a verdict in favor of the transit company."

In our judgment, the trial court rightly held that, as the original defendant had not made out a prima facie case of sole liability on the part of the additional defendant, it was the duty of the court to direct a verdict in favor of the additional defendant. Barrett v. Virginian Railway Company, 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092.

Upon trial, the original defendant called as its witness the driver of the taxicab who testified that he was following a trolley car going east on Lancaster avenue, a two-way street, and that, when the trolley car stopped at Forty-Sixth street, he attempted to pass it on the left-hand side. In doing so, the original defendant violated the Motor Vehicle Laws of Pennsylvania and particularly section 1017 of the Act of May 1, 1929, P. L. 981 (75 PS § 592), which reads as follows: "The driver of a vehicle shall not overtake and pass upon the left, any interurban or street car proceeding in the same direction, whether actually in motion or temporarily at rest, when a travelable portion of the highway exists to the right of such street car, even though such portion of the highway is occupied or obstructed."

The original defendant was bound by the testimony of its own witness. This evidence showed that the original defendant was negligent, and that therefore the additional defendant could not have been solely liable as asserted by the original defendant in its pleading.

We need not here consider whether the act of 1931 makes it necessary for the trial court to submit the case between the plaintiff and the additional defendant to the jury, since the plaintiff does not complain of the action of the trial court in directing a verdict for the additional defendant.

Of the several assignments of error relating to the conduct of the cause between the original defendant and the plaintiff, the only one which we deem necessary to discuss is the contention that the verdict was so grossly excessive as to require a new trial. The physician, who treated the plaintiff immediately after her discharge from the hospital, testified: "On examination I found she had a cerebral concussion of the brain, a contusion of the head, lacerations of the scalp and face; sprain of the right shoulder; sprain of the muscles of the neck; fracture of the left forearm; contusion of the right arm and both hands; sprain of the right wrist, sprain of the back—back of the right thigh, with a hematoma,—that is a blood tumor, contusions of both knees, with bursitis of both knees."

There was evidence from which the jury could find that the plaintiff was confined to bed for five weeks and to her room for the following four weeks, and that it was necessary to assist her up and down stairs for several weeks thereafter. At the time of the trial, two years after the accident, her knees still required treatment. The medical prognosis was that the condition of both knees would become progressively worse. The plaintiff, a widow fifty-eight years of age, was shown to have been active and healthy prior to the accident. She performed all the household duties for her family, consisting of a son, a daughter, and two grandchildren. After the accident she became dependent on others for assistance. Although the verdict was decidedly a liberal one, we are not convinced that it was so grossly excessive as to shock the conscience of the court. As was said in Martin v. Letter, 282 Pa. 286, 290, 127 A. 839, 840: "The question is not whether as jurors we would have found a smaller verdict, or as a trial court would have compelled its reduction, but whether it is so grossly excessive as to warrant our interference, under the exceptional power given us by the Act of May 20, 1891, P. L. 101 (12 PS §§ 1100, 1164). In reference to this act, Mr. Justice Frazer, speaking for the court, in Scott, Adm'x, v. American Express Co., 257 Pa. 25, 31, 101 A. 96, 98, says: 'We have repeatedly said that the question of the amount of the verdict would be reviewed only in cases where so grossly excessive as to shock our sense of justice, and where the impropriety of allowing a verdict to stand is so manifest as to show a clear abuse of discretion on the part of the court below in refusing to set it aside.' To like effect is Gail v. Phila., 273 Pa. 275, 117 A. 69, and many other cases. Under the rule as above stated, this is not such a case as to warrant our interference, and, in view of our very recent decision in Potts v. Guthrie, 282 Pa. 200, 127 A. 605, * * * further discussion seems unnecessary."

The remaining assignments of error do not present any substantial grounds for reversal.

**Judgments affirmed.**