**ABRAHAM v. NATIONAL BISCUIT CO.**

No. 6154.

Circuit Court of Appeals, Third Circuit.

Feb. 9, 1937.

Rehearing Denied April 20, 1937.

John E. Evans, Jr., Margiotti, Pugliese, Evans & Buckley, and Alex J. Bielski, all of Pittsburgh, Pa., for appellant.

Harold E. McCamey, H. A. Robinson, and Dickie, Robinson & McCamey, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, Circuit Judge, and WELSH and MARIS, District Judges.

MARIS, District Judge.

This was a negligence action for damages for the death of plaintiff's husband resulting from an automobile accident. The accident occurred in the borough of Glassport, Allegheny county, Pa. The deceased was riding as a guest in a Chevrolet car operated by David Kail. He received the injuries from which he died when that car came into collision with a truck belonging to the National Biscuit Company operated by its employee Edward A. Roth. The plaintiff brought suit against the National Biscuit Company and the latter by scire facias brought David Kail into the case as an additional defendant. The trial resulted in a verdict in favor of the defendant, National Biscuit Company. No verdict was rendered either for or against the additional defendant David Kail. A new trial having been denied and judgment having been entered upon the verdict, plaintiff took the present appeal and has assigned as error certain rulings upon evidence made by the trial judge as well as certain portions of his charge to the jury.

We shall first consider the fifth assignment of error which complains, inter alia, of the following portion of the court's charge to the jury:

"If you find that either Kail or the National Biscuit Company is responsible for this accident, you could not bring in a joint verdict against them both, because in this case, as the pleadings now stand, you are to determine whether Kail was solely responsible, and alone responsible, for the collision, or whether the National Biscuit Company was. There could be no joint liability found against both Kail and the National Biscuit Company in this case. If you find that there was negligence on the part of either of them, then you could bring ·in a verdict as against the one you find responsible."

As we have seen, David Kail was brought into the case as an additional defendant by the original defendant upon a writ of scire facias which was issued under the Pennsylvania Scire Facias Act of April 10, 1929, P.L. 479, as amended by the Acts of June 22, 1931, P.L. 663, § 2, and May 18, 1933, P.L. 807 (12 P.S. § 141): That act provides:

"Any defendant, named in any action, may sue out, as of course, a writ of scire

facias to bring upon the record, as an additional defendant, any other person alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued; and such original defendant shall have the same rights in securing service of said writ as the plaintiff in the proceedings had for service of process in said cause. * * * Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability."

The writ of scire facias in this case averred that the accident was caused solely by the negligence of the additional defendant and that he was alone liable for the cause of action declared on in the suit. He in his turn filed an affidavit of defense in which he denied that his negligence was responsible for the accident and, on the contrary, averred that it was caused solely by the negligence of the employee of the National Biscuit Company. There was evidence from which the jury might have found that the drivers of both automobiles were negligent, but as we have seen the trial judge charged the jury that they could not find both defendants jointly liable. In doing so, he construed the Pennsylvania Scire Facias Act as this court had done in Yellow Cab Co. v. Rodgers, 61 F.(2d) 729. Since our decision in that case, however, and since the trial of this case in the court below, the Supreme Court of Pennsylvania in the case of Majewski v. Lempka, 321 Pa. 369, 183 A. 777, 779, has construed the act, as now amended, to authorize a recovery against both the defendant and the additional defendant jointly, even though the writ of scire facias under which the additional defendant is brought upon the record avers that he is solely liable. In that case Mr. Justice Maxey in the opinion of the court said:

"In behalf of the additional defendants it is further contended that the court below should have entered judgment n. o. v. in their favor because of the fact that the writs of scire facias whereby they were summoned alleged that they were solely liable, whereas the jury's verdict established that the original defendant was also responsible. They argue that the writ of scire facias is not only a method of bringing a party into court, but that it is also a pleading and must, therefore, state a good cause of action. Nunamaker v. Finnegan, 110 Pa.Super. 404, 409, 168 A. 482; Rudman v. City of Scranton, 114 Pa.Super. 148, 153, 173 A. 892. It is urged, in view of the verdict finding her jointly liable, that the original defendant failed to state a good cause of action when she charged the additional defendants with sole liability. There is no merit in the argument. The evidence of the original defendant made out a prima facie case of sole liability on the part of the additional defendants, and it is of no moment that the jury, under all the evidence, found that all the defendants contributed to causal culpability. The finding against her was in all probability based upon the testimony that was offered, respectively, by plaintiffs and by the additional defendants. She stated and offered testimony tending to prove that plaintiffs' only cause of action was against the additional defendants, and the fact that plaintiffs and the additional defendants established a cause of action against her does not relieve the additional defendants. To hold otherwise would be to overlook the policy underlying the Act of April 10, 1929, P.L. 479, as it has been amended by the Acts of June 22, 1931, P.L. 663, § 2, and May 18, 1933, P.L. 807 (12 P. S. § 141). The legislation is remedial and is intended to avoid multiplicity of suits. The original defendant is given the opportunity of bringing in other interested parties to the end that their liability, if any, may be determined at the same time the original defendant's liability is adjudicated. The fact that these defendants were all held liable in one action was due to the very nature of the trial provided for in the act referred to. The case of Nunamaker v. Finnegan, supra, upon which the additional defendants strongly rely, can have no application here. That case was decided under the original act of 1929. By way of contrast, the very basis of the original defendant's procedure in the present case was the subsequent amendatory legislation, which broadened the scope of the original act. It is now expressly provided that 'where it shall appear that an added defendant is liable to the plaintff, either alone or jointly with any other defendant, the plaintiff may have verdict and judg-

ment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability.' "

Since this is a construction of a Pennsylvania statute by the highest court of that state, it is binding upon us under well-settled principles and Yellow Cab Company v. Rodgers, supra, must accordingly be overruled on this point. The question remains, however, whether the construction of the Scire Facias Act which has now been made by the Pennsylvania Supreme Court. shall be applied in this case although the trial took place before the decision in Majewski v. Lempka, supra, was announced. After full consideration of this question, we have come to the conclusion that this latest interpretation of the statute must be so applied. We are supported in this conclusion by the opinion of the Supreme Court of the United States in Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316. That case involved the interpretation of a statute of limitation of the state of Kansas. The circuit court at the trial interpreted the statute in accordance with the prior existing decisions of the Supreme Court of the state. After the circuit court's decision was made and during the pendency of the appeal which was taken to the Supreme Court of the United States, the Supreme Court of Kansas (Bauserman v. Charlott, 46 Kan. 480, 26 P. 1051) handed down a decision in effect modifying its prior decisions interpreting the statute of limitations. Its decision, if applied to the facts involved in the federal case, compelled a reversal of the circuit court. The Supreme Court of the United States held in that case that the latest interpretation by the highest court of Kansas of its statute of limitations was binding upon the federal courts and it accordingly reversed the judgment of the circuit court and returned the case for a new trial. The effect of that decision we think was correctly described by Circuit Judge Smith in Quinette v. Pullman Co. (C.C.A.) 229 F. 333, 338, as follows:

"But it was held in Bauserman v. Blunt, that, even though the federal court below had decided that case before the decision of the Supreme Court of the state modifying the holding as to the state statute of limitations, still the case would be reversed by the Supreme Court to conform to the decision of the Supreme Court of Kansas, from which the case came."

We understand the true rule to be that when the decisions of the highest court of a state construing a state statute are in conflict the federal courts will follow the latest settled adjudications of the state Supreme Court, rather than the earlier ones, except in cases where contracts have theretofore been entered into or rights or title acquired on the faith of the earlier decisions. See Jackson v. Harris (C.C.A.) 43 F.(2d) 513, at pages 516, 517, in which case the authorities are collected. We do not believe that a distinction can be drawn in the present case from the fact that the prior decision was one of this court rather than of the state Supreme Court, since the rule is settled by an overwhelming weight of authority that the federal courts must yield in their interpretation of state statutes to the interpretation of the highest court of the state, where no question of general or commercial law or violation of the Constitution or laws of the United States is involved. There is no such question here, the matter being purely one of practice in the state courts which we are bound to follow under the Conformity Act (28 U.S.C.A. § 724). Since the statute is merely procedural, it follows that the parties to this case can have acquired no rights under the prior construction of it. Therefore the general rule applies that when a statute has been construed by the highest court having jurisdiction to pass upon it such construction is as much a part of the statute as if plainly written into it originally. The fifth assignment of error is accordingly sustained.

We have carefully examined the remaining assignments. The matters complained of therein have all been fully considered and in our opinion properly disposed of by Judge Schoonmaker in his opinion denying plaintiff's motion for a new trial. It is, therefore, unnecessary for us to discuss them in detail especially since the judgment must be reversed for the reasons already given.

Reversed and remanded for a new trial.