## BOYSELL CO. v. FRANCO et al.

### No. 140.

District Court, N. D. Georgia, Rome Division.

Feb. 3, 1939.

R. Carter Pittman, of Dalton, Ga., Paul B. Eaton, of Charlotte, N. C., and R. Carmack Waterhouse, of Chattanooga, Tenn., for plaintiff.

James Maddox, of Rome, Ga. (Samuel L. Siegel and Harry Price, both of New York City, of counsel), for defendants.

UNDERWOOD, District Judge.

Plaintiff filed its Bill of Complaint on August 4, 1938 against Jack Franco, doing business as Primrose Candlewick Products Company, charging infringement of certain patents.

By stipulation of counsel, defendant was allowed a delay for the purpose of filing his answer, which was duly filed on September 15, 1938.

On October 15, 1938, plaintiff filed a motion to make Primrose Bedspread Corporation a party defendant alleging that it was infringing said patents in the operation of its business in Dalton, Georgia, which was being conducted for it by defendant Franco; and further praying that Primrose Bedspread Corporation be enjoined from prosecuting a proceeding brought by it on the 15th day of September, 1938, against plaintiff in the Southern District of New York, in which it sought a declaratory judgment against plaintiff adjudicating the rights between the parties involved in said patents.

An order was passed by this Court on October 15, 1938, making said Primrose Bedspread Corporation a party as prayed and requiring it to show cause on October 22, 1938, why the injunction should not be granted as prayed.

The case came on regularly to be heard upon said motion on October 22, 1938, at which time the Primrose Bedspread Corporation filed its answer to said motion, and somewhat later, on November 4, 1938, filed an amendment thereto praying that the order making it a party be vacated and Primrose Bedspread Corporation be stricken as a party.

After hearing upon the evidence introduced and oral argument of counsel, counsel were given time to file briefs in the case.

Although the petition was filed prior to September 16, 1938, the effective date of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the motion to make Primrose Bedspread Corporation a party and its response were not filed until after such date and, therefore, the procedure affecting said motion is governed by the new rules. Rule 86.

The petition alleges that the Primrose Bedspread Corporation is jointly liable with defendant Franco, for infringing said patents and can be properly and should be added as a defendant under Rules 19, 20 and 21.

I am of opinion that plaintiff is correct in this and that the Primrose Bedspread Corporation was properly made a party under Rule 21 and therefore the motion to vacate the order making it a party is denied.

The motion for injunctive relief is not passed upon at this time because the Court has been informed by the parties to this proceeding that the suit of the Primrose Bedspread Corporation against the Boysell Company, brought in the Southern District of New York, has been dismissed by that Court. This being true, it is not necessary to pass upon the prayer for injunctive relief at this time. However, this action is taken without prejudice to the right of plaintiff to again apply for such relief should the situation call for such action.