**ATLANTIC COAST LINE R. CO. v. UNITED STATES FIDELITY & GUARANTY CO. (KNOWLES & CO., Inc., Third Party Defendant).**

No. 74.

District Court, M. D. Georgia, Thomasville Division.

Oct. 26, 1943.

V. E. Phelps, of Wilmington, N. C., Bennet & Harrell, of Quitman, Ga., and W. W. Alexander, of Thomasville, Ga., for plaintiff.

Hoyt Whelchel, of Moultrie, Ga., for defendant and third party defendant.

180

DEAVER, District Judge.

Knowles & Co. made to plaintiff and other named carriers an application, in part as follows:

"To the Carriers as listed on page 4 hereof:

"The undersigned requests the privilege of transportation charges collect, under protection of surety bond, of carload shipments of watermelons during the season of 1940, shipped by and/or consigned to the undersigned, under the provisions of carriers' current tariffs subject to the right of the carrier to require prepayment at any time. In the event shipments are refused or unclaimed at destination and sold for charges, the undersigned agrees to promptly pay the deficit, if any, in the charges and file claim for any alleged damage chargeable to carriers."

A joint and several bond was executed to the carriers by Knowles & Co., as principal, and the United States Fidelity & Guaranty Co., as surety, reciting that the principal had requested carriers to transport watermelons without prepayment of freight and other charges, and containing the following conditions:

"Now, therefore, the condition of this obligation is such that if there shall be paid, or the principal shall pay or cause to be paid to the proper carrier, all freight, demurrage, storage and other tariff charges (including accessorial charges) without setoff or counter claim, on each and all such carload shipments of watermelons to the Bill of Lading destination, or a destination to which reconsigned by the Principal, then this obligation shall be void, otherwise to remain in full force and effect, subject, however, to the following conditions:

"First: The carrier may at any time require additional security, or, without notice, require prepayment of all charges.

"Second: In the event of dispute between the principal and the carrier as to the charges due the carrier, the amount of the charges due shall be determined by the carrier and the principal shall promptly pay the amount so determined, and any alleged over charges shall be the subject of claim by the principal.

"Third: (omitted)

"Fourth: In event of payment by the surety of any claim or demands hereunder the Surety shall be subrogated to all the rights of the Carrier with respect to such claim or demands and the Carrier shall execute the necessary assignment or assignments therefor.

"Fifth: (Omitted)

"Sixth: (Omitted). * * *"

Shipments of melons made by principal, having been rejected by consignees, were sold and the net proceeds credited on the freight charges claimed.

Plaintiff filed this suit on the bond against the surety alone for the deficit in freight charges alleged to be due.

Defendant, on August 27, 1942, answered denying liability. On Sept. 26, 1942, defendant, as third party Plaintiff, brought the principal, Knowles & Co., into the case as third party, defendant, alleging the surety's right to have judgment against the principal for any amount which might be recovered against the surety by plaintiff. The third party defendant answered the third party complaint by admitting its allegations. Third party defendant also answered the plaintiff's complaint, alleging that under the applicable tariff nothing was due the plaintiff and setting up a counterclaim for damages to the shipments. On October 13, 1942, plaintiff answered the counterclaim by denying all allegations made in it.

Defendant surety amended its answer by alleging that under the applicable tariff nothing was due the plaintiff and by alleging damage to the shipments in excess of the freight claim.

On May 17, 1943, plaintiff made the following motion for summary judgment against third party defendant, attaching thereto a verified copy of the tariff referred to in the answers of defendant and third party defendant:

"Plaintiff's motion for summary judgment against Third Party Defendant, Knowles & Co., Inc.

"Comes now plaintiff, Atlantic Coast Line Railroad Company, and moves the Court under Federal Rules of Civil Procedure, Rule 56, as follows:

"(1) That, pursuant to said Rule, the Court enter summary judgment in plaintiff's favor dismissing the counter-claim (or purported counter-claim) of the Third Party Defendant herein, Knowles & Co., Inc., on the ground that plaintiff is entitled to judgment thereon as a matter of law and that there is no genuine issue as to any material fact with respect to said counter-

claim; and, further, that the Court enter summary judgment in favor of plaintiff on each of the five defenses to the complaint set out and pleaded in the answer of said Third Party Defendant to plaintiff's complaint, likewise on the ground that there is no genuine issue as to any material fact and that plaintiff is entitled to such judgment as a matter of law".

Plaintiff moved to strike that part of defendant's amended answer which set up damages to the shipments and made a separate motion for summary judgment in its favor against defendant, attaching a verified copy of said tariff.

Later, defendant amended its answer by alleging that its principal, Knowles & Co., is a nonresident of this state and has no property in this state. Defendant also moved to make its principal a third party defendant on the additional ground that the principal is or may be liable to plaintiff under the bond sued on. Third party defendant also adopts its pleadings heretofore filed as its pleadings in its new capacity as third party directly liable to plaintiff.

Plaintiff objected to defendant's last amendment and to its motion to make principal a third party directly liable. Finally, plaintiff moved to vacate the order allowing the third party as liable over and the order allowing third party as directly liable and to strike third party's pleading in its latter capacity adopting its pleadings in its former capacity, and insists upon its motions for summary judgments.

### 1. The Tariff

Both defendant and third party defendant plead, as applicable, Freight Tariff No. 82-c, U.S. Curlett's I.C.C.A. 655, which contains the following:

"When perishable shipments shipped from points of origin in good condition become deteriorated in transit and are unclaimed or refused at destination by the consignee or by the party notified, in case of order notify shipments, they may be sold by the final carrier for account of whom it may concern, and if the amount realized from such sale is less than the amount assessable against the shipment under the carriers' tariffs the charge for the transportation of said perishable shipment and for all accessorial and terminal services in connection therewith, shall in such case be the amount realized from such sale, less the selling cost; provided, however, that if at such sale the goods are sold to the consignor or to the original or ultimate consignee or to anyone representing such consignor or consignee, the transportation and other charges published in the carriers' tariff shall apply, and this rule shall be inoperative.

"Further, divisions as between interested carriers shall be on basis of revenue in proportion to earnings from point of origin to final destination (terminal charges and transportation arbitraries to be included in revenue of carriers receiving same), provided that in event it is clearly shown that the deterioration of shipment is the result of negligence of one or more carriers handling the shipment, nothing in this rule shall be construed as relieving such negligent carrier or (carriers), of liability under the appropriate Freight Claim Rules, with respect to either transportation or other charges under carrier's published tariffs or any claim of owner for damage to property.

"Note—Not applicable in connection with shipments destined to points in Iowa, Illinois, Michigan, Indiana and Ohio."

The tariff also states on its face that it "will not apply via the following carriers", and following the quoted words is a list of carriers including the New York, New Haven & Hartford Railroad. It is admitted that the New York, New Haven & Hartford Railroad was the last carrier of the melons shipped. "Via" means "by way of" or "in connection with." See Trinidad Bean & Elevator Co. v. C., B. & Q. R.R. Co., 185 I.C.C. 188. The tariff does not apply, therefore, to any shipment which went by way of the New York, New Haven & Hartford Railroad as a connecting carrier.

### 2. Refusal of Plaintiff to Amend

Plaintiff refuses to assert, by amendment, its claim against the third party defendant and says that the latter, therefore, cannot set up a counterclaim under Rule 13, Federal Rules of Civil Precedure, 28 U.S.C.A. following section 723c, because plaintiff is not an opposing party.

Rule 14 provides that defendant may bring in a third party "who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him." If a third party is brought in, he makes his defenses under Rules 12 and 13.

Rule 14 is not the same as, but was drawn in view of, Admiralty Rule 56, 28 U.S.C.A.

following section 723, and third party practice in some of the states and possibly English third party practice.

Admiralty Rule 56 contains the following: "In any suit, whether in rem or in personam, the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter. This shall be done by petition, on oath, presented before or at the time of answering the libel, or at any later time during the progress of the cause that the court may allow. Such petition shall contain suitable allegations showing such liability, and the particulars thereof, and that such other vessel, or person ought to be proceeded against in the same suit for such damage, and shall pray that process be issued against such vessel or person to that end. Thereupon such process shall issue, and if duly served, such suit shall proceed as if such vessel or person had been originally proceeded against; the other parties in the suit shall answer the petition; the claimant of such vessel or such new party shall answer the libel; and such further proceedings shall be had and decree rendered by the court in the suit as to law and justice shall appertain."

In Rudy-Patrick Seed Co. v. Kokusai, etc., D. C., 1 F.Supp. 266, the court says the proper method of invoking third party practice under that rule is for petition to set out such facts as will show (1) a cause of action between impleaded party and libellant, or (2) a claim for indemnity against impleaded party in favor of petitioner. Under that rule libellant should answer the petition, petitioner should answer the libel and the new party should answer both libel and petition. New York & N. R. Co. v. The Greenville et al., D. C., 58 F. 805 (1). Libellant was not required to amend by asserting liability against the new party but the suit proceeded as if the new party "had been originally proceeded against." Cuneo Importing Co. v. American Importing & Transp. Co., 2 Cir., 247 F. 413. In case of joint tort-feasors, libellant could not elect to proceed against one alone, if the other was brought in as a third party under the rule. The Teaser, 3 Cir., 246 F. 219, 224. However, no amendment was necessary. When the third party answered the libel and libellant answered the petition, the parties were at issue on the merits of the libel without amendment.

In an action in rem against a chartered ship for negligent damage to cargo, charterers may, on claimant's petition, be made parties defendant. The Alert, D. C., 40 F. 836, 839. The court said that if the ship was liable, the charterers were also liable, and bound to indemnify claimants and that libelants, if defeated in the suit in rem, could again sue charterers. In that case, where libelant could have sued both, it was intended that the judgment should adjudicate any right of action which libelant might have against the third parties and that such should be the result, whether libelant elected to assert any claim against the third parties or not. The court said, "He might, therefore, originally have made both the ship and the charterers defendants. He should not be suffered to proceed capriciously against one only, to the certain prejudice of the other." See, also, Dailey et al. v. City of New York, D.C., 119 F. 1005.

Where third party is liable to libelant and liable over to respondent, he may be proceeded against as an original respondent or brought in as a third party, in order that the rights of all parties may be adjudicated in a single suit. Evans v. New York & P. S. S. Co., D.C., 163 F. 405.

Apart from endeavors to fix secondary liability or responsibility over, the object of the admiralty rule is to bring in parties to answer the exigency of the libel, not of petition. The Sarnia, 2 Cir., 261 F. 900.

Respondent was allowed to bring in third party alleged to be solely liable to libelant. New Jersey Shipbuilding & Dredging Co. v. Davis, etc., D.C., 291 F. 617.

It was said, in Cory Bros. & Co. v. United States, 2 Cir., 51 F.2d 1010, 1013, that "The fifty-sixth rule, however, permits the impleading of a new party in two different situations: one, where the impleaded respondent is directly liable to the libelant, either jointly or alternately with the original respondent or claimant; and the other, where the impleaded respondent is liable only to the original respondent or claimant and is brought in because the latter seeks a remedy over in case the libelant shall succeed against him."

In The Providence, D.C., 293 F. 595, libelant proceeded in rem against a ship and claimant sought to bring in the pilot for

the purpose of establishing a liability over. Libelant, having elected to proceed in rem, the court said, should not be compelled to establish the liability of the pilot to claimant and the fact that claimant alleged a contingent liability of the pilot to claimant does not compel libelant to proceed against claimant and pilot as alternative defendants. The court further said that rule 56 should be applied with careful discrimination between parties brought in as jointly liable or alternatively liable to plaintiff and third parties brought in because of liability over to the defendant or claimant. The court compared the proceeding to the English third party practice intended to apply in cases of contribution and indemnity and said that, under that practice, judgment could not be rendered for plaintiff against the third parties as if they were defendants, unless plaintiff amended so as to make them defendants. Apparently the effect of that case is to hold that, under rule 56, libelant is not bound to litigate with a third party brought in by claimant only for the purpose of obtaining a judgment over, unless libelant answers the petition and thereby makes the third party a respondent to the libel, but that libelant is bound to litigate with a third party brought in by claimant as jointly or alternately liable to libelant. In the latter case, it is supposed, the rights of libelant against third party would be adjudicated whether libelant filed any pleadings asserting his rights against third party or not.

In Jensen v. Bank Line, 9 Cir., 26 F.2d 173, 175, a stevedore filed a libel against the owner of a ship who by petition brought in the stevedore company, alleging that the accident occurred through the stevedore's negligence. Libelant did not answer the petition. The court, upon finding the claimant not liable, dismissed the petition as well as the libel. Libelant appealed on the ground that the court failed to find the stevedore company liable. The appellate court, after saying that, on the facts, the company was not liable, held that the record did not require the trial court to make findings on the issues brought in by the petition and that libelant, having failed to answer the petition, was not in position to complain. The court said that, "In disregarding the petition as he did, the appellant exercised his right to elect not to proceed against a party as to whom he made no claim, and whom the appellee had no right to substitute in its stead as the party primarily liable. Having elected to proceed in rem, he was not compellable to establish the liability in personam of a new party brought in by the claimant."

The court said also that the third party was brought in "Under Admiralty Rule 56, which permits either the claimant or the respondent to bring in a party jointly liable to any party to the suit by way of remedy over or contribution." As was said in The Providence case, supra [293 F. 299], "As under the substantive law the res is primarily liable, the claimant cannot exonerate the res and destroy its liability by substituting at his own choice a party defendant who is liable in personam. The plaintiff is entitled to claim the res, and cannot be compelled to accept instead a judgment against the pilot." In other words, in the Jensen case and The Providence case, if there was any liability, the ship was in any event primarily liable and could bring in a third party as only liable over. In such a case, the libelant may elect, by not answering the petition, not to assert his rights against the third party or, if he has such rights, to assert them by answering the petition. However, under rule 56, if the petition brought in a third party alleged to be partly or wholly liable to libelant, the case would proceed as if libelant had answered or as if he had originally proceeded against the third party, and libelant could not elect not to proceed against third party and thus be in a position later to file another libel against the third party. Whether libelant can elect not to proceed against third party depends upon what the petition alleges. The court in The Providence case, supra, said, "Upon the whole rule, it would appear that the language, 'shall be entitled to bring in any other vessel or person,' is qualified by the requirement that the petition should contain suitable allegations showing liability, and that the person summoned in ought to be proceeded against in the same suit for such damage".

If the petition alleges only a contingent liability over to claimant, libelant is not concerned with it and may elect not to proceed against third party, but if the petition alleges direct liability to libelant, then that liability will be adjudicated as if third party had been originally proceeded against, whether or not libelant answers the petition or asserts the liability. Libelant might elect to waive judgment or to forego enforcing the judgment but his cause of ac-

tion would be adjudicated so as to bar his right ever to bring another suit against third party on the same cause of action.

Under Admiralty Rule 56, third party may be impleaded, though there is no joint liability between him and claimant or respondent. Soderberg v. Atlantic Lighterage Corp., 2 Cir., 19 F.2d 286. Third party solely liable may be impleaded. The Boise Penrose, D.C., 15 F.2d 70; Soderberg v. Atlantic Lighterage Corp. et al., D.C., 15 F.2d 209. If independent suit could have been filed against third party, he ·may be impleaded. Eastern Massachusetts Street Ry. v. Transmarine Corp., 1 Cir., 42 F.2d 58, 63. In such case, third party, upon being found not liable, is entitled to costs against libelant. After third party "was impleaded and filed its answer, it stood, with reference to the libelant, as though it had been made a party defendant in the original libel." The Priscilla, 1 Cir., 55 F.2d 32, 40(18).

The Pennsylvania statute authorizing third party practice is quoted in Abraham v. National Biscuit Co., 3 Cir., 89 F.2d 266, 111 A.L.R. 1313. It provides that, "Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability." 12 P.S. § 141. Under that statute, it was held, plaintiff could have judgment against defendant and third party jointly, though defendant brought third party in by averring that he was solely liable. No amendment by plaintiff was necessary.

Rule 14, Federal Rules of Civil Procedure, should be construed in the light of the foregoing decisions and many others which might have been cited. The courts are not in harmony as to its meaning.

In Crim v. Lumbermen's Mut. Casualty Co., D.C., 26 F.Supp. 715, it was held that defendant may bring in third party by alleging latter's sole liability to plaintiff or by setting out a claim which plaintiff could have asserted against third party if latter had been originally joined as a defendant. The question of refusal to amend was raised but not decided.

Fact that plaintiff's suit is not directed against third party is immaterial. Morrell v. United Air Lines Transport Corp., D.C., 29 F.Supp. 757.

Over objection that state law does not allow contribution between joint tort feasors, defendant may bring in third party, where defendant does not ask for contribution but tenders third party as solely liable. Satink v. Township of Holland, D.C., 28 F.Supp. 67. But in the same case, reported in D.C., 31 F.Supp. 229, upon refusal of plaintiff to amend, the court vacated the order bringing in third parties.

In Lensch v. Boushell Carrier Co., D.C., 1 F.R.D. 200, it was said that defendant may bring in third party who is or may be liable either to original plaintiff or original defendant, under Rule 14, which is broader than the New York rule which merely allows third party liable over to be brought in.

Refusal of plaintiff to amend does not bar defendant from bringing in third party alleged to be liable over to defendant. Greenleaf v. Huntingdon & Broadtop Mountain Railroad & Coal Co., D.C., 3 F.R.D. 24. Surety sued on bond may bring in principal who agreed to indemnify surety. United States v. United States F. & G. Co., D.C., 1 F.R.D. 112.

In Malkin v. Arundel Corp., D.C., 36 F.Supp. 948, it was held that by state statute contribution between joint tort feasors was allowed only when a joint judgment was rendered against them and that where one was sued and brought in the other as third party, the order allowing the third party should be vacated, if plaintiff refused to amend so as to assert claim against third party. Order bringing in joint tort feasor vacated if original defendant had no right of contribution. Thompson (Brown) v. Cranston et al., D.C., 2 F.R.D. 270. That case, however, does not hold that joint tort-feasor could not be brought in as liable directly to plaintiff. It was held, in Gray v. Hartford Accident & Indemnity Co., D.C., 31 F.Supp. 299, that Rule 14 precludes a right of election of defendants in plaintiff and that defendant may bring in parties liable to plaintiff irrespective of plaintiff's election.

Third party alleged to be directly liable to plaintiff may be brought in, though third party complaint alleges both liability directly to plaintiff and liability for con-

tribution and though plaintiff has not sought or indicated any intention to seek relief against third party. Sklar and Sin~er et al. v. Hayes, D. C., 1 F.R.D. 415. In Sklar et ux. v. Hayes (Singer third party defendant), D.C., 1 F.R.D. 594, 596, the court said that plaintiff who does not amend may not be able to obtain judgment against third party.

Under the admiralty rule a joint tort-feasor could be brought in and his liability to libelant determined, irrespective of whether the court could enforce contribution. Luckenbach S. S. Co. v. Central Argentine Co., D.C., 298 F. 344.

From the sources of Rule 14 and the decisions herein cited, it is clear that this rule, like the admiralty rule, "covers two distinct subjects, the addition of parties defendant to the main cause of action, and the bringing in of a third party for a defendant's remedy over." See The Providence, D.C., 293 F. 595, at top of page 600. Some of the language in Rule 14 applies to one subject and other language to the other subject.

If the third party complaint alleges facts showing a third party's direct liability to plaintiff on the claim set out in plaintiff's petition, then third party "shall" make his defenses as provided in Rule 12 and his counterclaims against plaintiff as provided in Rule 13. In the case of alleged direct liability, no amendment is necessary or required. The subject-matter of the claim is contained in plaintiff's complaint, the ground of third party's liability on that claim is alleged in the third party complaint, and third party's defense to his alleged liability on the claim is set up in his answer to plaintiff's complaint. At that point and without amendment, the plaintiff and third party are at issue as to their rights respecting the claim.

The provision in the rule that, "The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim", applies to the other subject, namely, the alleged liability of third party to defendant. The next sentence in the rule, "The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff", applies to both subjects. If third party is brought in as liable only to defendant and judg-ment is rendered adjudicating plaintiff's right to recover against defendant and defendant's right to recover against third party, he is bound by both adjudications. That part of the sentence refers to the second subject. If third party is brought in as liable to plaintiff, then third party is bound by the adjudication as between him and plaintiff. That refers to the first subject. If third party is brought in as liable to plaintiff and also over to defendant, then third party is bound by both adjudications. The next sentence in the rule, "The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant", refers to the second subject, that is, to bringing in third party as liable to defendant only, and does not apply to the alleged liability of third party directly to plaintiff.

The relative situation of the three parties depends upon the purpose for which the third party is brought in and that purpose is disclosed in defendant's third party complaint. It some times happens that the third party complaint alleges only liability of third party to defendant, without alleging any liability of third party to plaintiff, though defendant, if he had disclosed all the facts, could have alleged also direct liability of third party to plaintiff. In such a case the rule permits plaintiff to amend and proceed against third party, if he could have joined third party originally as a defendant. In case of direct liability, the third party complaint itself presents an issue between third party and plaintiff and, when allowed, makes them opposing parties without amendment in respect to plaintiff's original claim, whereas in case of alleged liability to defendant only, no issue is presented between plaintiff and third party and, if plaintiff desires to make such issue, he must amend. The reason for including in the rule express permission to amend in case of liability over is that, under third party practice in some of the states, plaintiff was not permitted to amend. In the Washington Institute on Federal Rules, Dean Clark said:

"One of the questions asked me was why we provided that the plaintiff may amend his pleading to assert against a third-party defendant any claim which the plaintiff might have asserted against the

third-party defendant had he been joined originally as a defendant. It was held in New York, where the citing in may be only of someone liable to the defendant, that the plaintiff could not make claim against the new person. That is, it was really only a private fight between the first defendant and the newly-cited defendant. But we have tried to make it broader. Nevertheless it is still possible for the plaintiff to say, 'Well, even though you brought him in, I am not going to have anything to do with him. I don't want to make any claim against him. You can make whatever claim you want, but I refuse to do so.' That is still permissible, although the probability is that the plaintiff will say, 'Well, I want to get a complete judgment, and I will amend and make my claim against the new party that is brought in.' "

Plaintiff says that the latter part of the above quotation supports its contention. However, it seems clear that Dean Clark's statement, the latter portion as well as the former, related only to cases of alleged liability over. There was no reason to include in Rule 14 permission for plaintiff to amend as against a person directly liable to plaintiff. To do so would have been both unnecessary and repetitious because, under Rule 21, plaintiff could bring in such a party by amendment, and certainly, if such party was brought in by defendant, plaintiff could amend without any express permission by Rule 14. Clearly, in such a situation, plaintiff could amend even if Rule 14 had not mentioned amendment at all. The only necessity, therefore, for inserting permission to amend in Rule 14 was to change the practice, in cases of liability over, of not permitting the plaintiff to amend. See Boysell Co. v. Franco, D.C., 26 F.Supp. 421; Curacao Trading Co. v. Federal Insurance Co., D.C., 2 F.R.D. 265; 39 Am.Jur. p. 957, § 87 and note 5 on page 958.

■ Therefore, when the third-party complaint alleges that third party is liable to plaintiff, either alone or jointly, plaintiff and third-party are opposing parties without amendment and whether plaintiff so elects or not. In such a case Rule 14 was intended to operate the same as the admiralty rule and the Pennsylvania rule above quoted under which, without amendment, the case proceeds as if third-party had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant and as if he had replied thereto denying all liability.

■ The same procedure holds in case of joint tort-feasors, even in states where no contribution is allowed. The question of contribution does not arise at all unless the third-party complaint brings it in. Even in a state where contribution is allowed, the question is not up, if defendant's third party complaint alleges only sole or joint liability of third party to plaintiff. Even if defendant alleged only sole liability of third party to plaintiff, on the trial, a joint judgment could be entered if the facts made a case of joint liability, because both defendant and third party would be parties defendant to plaintiff's suit, but no question of contribution would be involved, defendant not having asked judgment for contribution. See the case of Abraham v. National Biscuit Co., supra. Rule 14 permits a third party, alleged to be solely or jointly liable, to be brought in without regard to any question of contribution. If a joint judgment is rendered, then, in a state where contribution is allowed, the judgment would bind third party in any proceeding for contribution, and in a state where contribution is not allowed, defendant could not enforce contribution. Thus, the purpose of the rule would have been served by adjudicating plaintiff's claim and barring him from filing another suit against third party on the same claim, and would have done no violence to any state law, because contribution could be enforced or not accordingly as the state law so permitted or not. See Gray v. Hartford Accident & Indemnity Co., D.C., 31 F.Supp. 299.

"The question whether a party may be impleaded is one thing, and what relief may be granted against him is another." Luckenbach S. S. Co. v. Central Argentine Co., D.C., 298 F. 344, 345.

As said by Dean Clark, in the Washington Institute: "This is a substantial step beyond what we have known before. Usually where joinder is permitted to cover a variety of claims it is left to the option of the plaintiff. Thus, notably in the case of joint tort-feasors, it has traditionally been that the plaintiff could select which one he would sue. This rule is a rule applying after the plaintiff has made his choice, saying that even though he has chosen to sue only a limited number, those whom he is suing may force the bringing

in of the others. Notice that this does not go so far, in itself, as to wipe out the old common law rule that there can be no contribution between joint tort-feasors, that if you are partly to blame for an accident you can't get the other fellow to share the blame. This merely says that all may be brought before the court, but it does not deal with the question of ultimate liability or ultimate payment of the judgment."

If it be said that, in a state where no contribution is allowed between joint tort-feasors, defendant has no interest which would permit him to bring in his joint tort-feasor, not as solely liable but as jointly liable, the reply is that the rule authorizes it in the interest of settling the whole controversy in one suit. Besides, a joint tort-feasor, when sued, generally denies his own liability and brings in third party as solely liable, in which event, if the evidence so demands, a joint judgment may be rendered. Abraham v. National Biscuit Co., 3 Cir., 89 F.2d 266, 111 A.L.R. 1313. In that way the same result is reached as if third party had been brought in as jointly liable. Such procedure could do plaintiff no harm. As said in the Gray case, supra, plaintiff would still have his judgment against defendant and if he failed to collect it from defendant, he could collect it from the third party. Moreover, if plaintiff elected to forgive third party, he could still do so by not collecting the judgment against him. Yet, the possibility of litigating the same claim in another suit against third party would be prevented. But it is sufficient to say that the rule permits defendant to bring in a third party who is solely or jointly liable to plaintiff.

It may well be that, if the defendant alleged no liability of third party to plaintiff but only his own right to contribution, which the state law does not allow, the order bringing in third party might be vacated, on the ground that the third party complaint shows no right to contribution, that is to say, no cause of action by defendant against third party. But if defendant alleges direct liability to plaintiff, a cause of action between plaintiff and third party is set out, within Rule 14, independently of any question of contribution and regardless of whether contribution may be subsequently allowed or denied by state law.

■ In the present case, third party is brought in as directly liable to plaintiff and as liable over to defendant. If third party had been added simply as liable over to defendant, there would have been no issue between third party and plaintiff, but, under the rule, plaintiff could have made an issue between them, by amendment, and then have proceeded against him on plaintiff's claim. In this case, while plaintiff might amend in view of the allegation of liability over to defendant, it is not necessary to do so, because the same issue between third party and plaintiff has already been made by the additional allegation of direct liability, as to which issue no amendment is required and to which plaintiff is a party without any right to elect not to proceed against third party. He might fail to prosecute the claim against third party but whatever ·judgment is rendered will bind him as a party.

### 3. Counterclaim of Third Party

■ Damage to shipment may be pleaded as counterclaim in suit for freight charges. Chicago & N. W. Ry. v. Lindell, 281 U.S. 14, 50 S.Ct. 200, 74 L.Ed. 670. Plaintiff and third party being opposing parties in this case, the latter's counterclaim is compulsory. Rule 13(a); Pennsylvania R. R. Co. v. Musante-Phillips, D.C., 42 F.Supp. 340(3).

■ In suit on bond against principal and surety, principal may plead set-off or cross-action in the subject-matter of which surety has no interest. Johnson Lumber Co. v. Akers Lumber Co., 48 Ga.App. 329, 172 S.E. 667; Stephens v. Blackwell et al., 24 Ga.App. 798, 102 S.E. 452.

Under New Rules, principal was allowed to intervene and plead counterclaim. United States v. American Surety Company, D.C., 25 F.Supp. 700.

■ It follows that the principal, having been made a third party defendant alleged to be liable directly to plaintiff, is entitled to plead the counterclaim, unless prevented from doing so by the agreement to pay without set-off or counterclaim. That provision of the contract will be considered later.

### 4. Defendant Surety's Right to Plead Damage to Shipment

In this state a debt due the principal may be set-off in a suit against principal and surety. Ga.Code 20-1303. In such case the surety receives the benefit of the set-off (Harrison and Sims v. Henderson, 4 Ga. 198), because, if the obligation of the prin-

cipal becomes extinct, the obligation of the surety ceases. Ga.Code 103-102.

■ However, the general rule seems to be that a surety sued alone cannot set-off a debt due the principal, except upon some equitable ground. 21 R.C.L. 1079; Tidewater Coal Exchange v. New Amsterdam Casualty Co., D.C., 20 F.2d 951(10); 50 C.J. 196; Clark Car Co. v. Clark et al., 3 Cir., 48 F.2d 169; National Surety Co. v. George E. Breece Lumber Co., 8 Cir., 60 F.2d 847, 851; United States v. Morley Const. Co., D.C., 11 F.Supp. 841, 844; Fidelity & Deposit Co. v. Duke, 9 Cir., 293 F. 661. Insolvency of principal is such ground. United States v. Morley Const. Co., 2 Cir., 98 F.2d 781, 789(22). The Ga. Code 37-308 provides for equitable set-off. Nonresidence and absence of property in this state have been regarded as ground for equitable set-off. Livingston v. Marshall, 82 Ga. 281, 11 S.E. 542; Campbell v. Gormley, 184 Ga. 647, 651, 192 S.E. 430; Metcalf v. People's Grocery Company, 24 Ga.App. 663, 101 S.E. 768; Hecht v. P. H. Snook & Austin Furniture Co., 114 Ga. 921, 928, 41 S.E. 74; Bibb Land-Lumber Co. v. Lima Machine Works, 104 Ga. 116, 30 S.E. 676, 31 S.E. 401.

■ The surety in this case alleges that the principal is nonresident and has no property in this state. The surety, therefore, could set-off damages owing by plaintiff to principal, unless prevented by an agreement in the contract sued on not to plead set-off.

### 5. The Contract

In the application for privilege to ship without prepayment of freight, principal agreed that, if shipments were rejected and sold for charges, he would pay the deficit and file claim for any alleged damage chargeable to carriers. A condition of the bond is that the principal will pay without set-off or counterclaim.

■ A person may waive a statutory right, not affecting public order or good morals, if he does not thereby injure others or affect the public interest. Ga.Code 102-106. The weight of authority upholds contracts waiving or relinquishing the right of set-off or counterclaim, where such contracts are founded upon valuable consideration. Armour & Co. v. Whitney & Kemmerer, 164 Va. 12, 178 S.E. 889, 98 A.L.R. 596, and annotation following on page 602.

■ In this case, the contract to pay without set-off is not illegal for all purposes, because it could no doubt be enforced against both principal and surety in the state courts and against the surety in the United States courts. However, the parties, when they entered into the contract, were charged with knowledge of Civil Procedure Rules 13 and 14 and are held to have made the contract in view of those rules. Those rules do not affect the contract so far as the surety is concerned. Even though the surety, in the absence of an agreement to the contrary, might on equitable grounds have set off the principal's claim against the plaintiff, it seems reasonable to hold that it is estopped by its contract to do so. However, while the surety agreed to be bound for the freight charges without set-off by the principal and would be so bound if principal did not plead the set-off, yet the surety did not agree to waive its right, if sued in the United States Court, to make the principal a party under Rule 14.

The surety contends that, since the principal has been made a party, the suit has become one against principal and surety and that set-off may, therefore, be pleaded under Ga.Code 20-1303. It is true that the suit is now against both principal and surety and that set-off could be pleaded except for the contract. However, that code section, while permitting set-off, does not require it and, the right being one which may be waived, the surety cannot plead it because it agreed not to.

■ As to the principal the effect of the contract is different. The parties knew when they made the contract that if the carrier sued the principal in the United States Court, the latter would be bound by Rule 13 to plead its counterclaim or waive it altogether. They knew also that if the carrier sued the surety alone, it could bring in the principal as a party and that the principal would in that event have to plead or waive its counterclaim. If the contract is an agreement by the principal not to plead its counterclaim, even though sued in the United States Court, then it amounts to an agreement to release any claim against the carrier for damages, because it would be a covenant not to sue such claim and such a covenant is equivalent to a release under Ga.Code 20-909. So construed, that provision of the contract would be void because, in this state, a carrier cannot contract against liability for negligence. Adams Express Co. v. Mellinchamp, 138 Ga. 443, 75 S.E. 596, Ann.Cas.1913D, 976.

Moreover, the contract shows on its face that there was no intention to release any claim for damages. On the contrary, it provides that such claim may be made but in a different suit. Therefore, that provision of the contract could not be enforced in the United States Court, because Rule 13 prohibits the very thing which the parties contracted to do.

Another construction of the contract would be that, inasmuch as, within the knowledge of the contracting parties, it could not be made effective in the United States Court, it amounted to an agreement by the carrier not to sue in the United States Court. That provision, so construed, would also be void. Mutual Reserve Fund Life Ass'n v. Cleveland Woolen Mills, 6 Cir., 82 F. 508, cited in annotation following State of Oregon ex rel. Kahn v. Tazwell, 125 Or. 528, 266 P. 238, 59 A.L.R. 1436.

The agreement not to counterclaim should not be held absolutely void if in any circumstances it could be legally operative. It probably would be held valid if sued on in a state court. The result is that the parties must have intended to insert that provision in the contract to be availed of if sued on in a state court but to be mutually disregarded if sued on in the United States Court. By electing to sue in the United States Court, the plaintiff, as to the principal, waived the provision in the contract for payment without set-off or counterclaim.

An order will be entered denying the motions for summary judgments.